# EXHIBIT B-1

# ARBITRATION AGREEMENT

The employee identified below ("Employee"), on the one hand, and Worksite Employer, __ONPOINT LAB__ ("Company"), and G&A Partners ("PEO" or "G&A Partners"), on the other hand, agree to utilize binding arbitration as the sole and exclusive means to resolve all covered disputes that may arise by and between Employee and the Company and/or Employee and PEO, including but not limited to disputes regarding the application and selection process, the employment relationship, termination of employment, and compensation. For purposes of this Agreement, any reference to "G&A Partners" or "PEO" is intended to broadly refer to and specifically include the G&A Partners business entity that actually pays you or paid you at anytime and/or any of its parents, subsidiaries, or affiliates. This Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). **All disputes covered by this Agreement will be decided by a single arbitrator through final and binding arbitration and not by way of court or jury trial.**

**COVERED CLAIMS.** This Agreement is intended to be as broad as legally permissible. Except as otherwise provided in this Agreement, Employee, the Company, and G&A Partners agree that any claim, dispute, and/or controversy, past, present, or future, that Employee may have against the Company (or its parents, subsidiaries, affiliates, owners, directors, officers, managers, employees, or agents), or G&A Partners (or its owners, directors, officers, managers, employees, or agents), or that the Company or G&A Partners may have against Employee, shall be submitted to and determined exclusively by final and binding arbitration. Except as otherwise provided, included within the scope of this Agreement are all disputes, whether based on tort, contract, common law, statute (including, but not limited to, any claims of discrimination, harassment and/or retaliation, or unpaid wages, minimum wage, overtime, compensation owed, or benefits, whether they be based on Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by PEO and (a) covered by the Employee Retirement Income Security Act of 1974 or (b) funded by insurance); the Family and Medical Leave Act, Older Workers Benefit Protection Act, Occupational Safety and Health Act, Genetic Information Non-Discrimination Act, Uniformed Services Employment and Reemployment Rights Act, Worker Adjustment and Retraining Notification Act, Consolidated Omnibus Budget Reconciliation Act of 1985, the False Claims Act, each as amended, or any other state or federal law or regulation), equitable law, or otherwise.

The arbitrator—and not any federal, state, or local court or agency—will have exclusive authority to resolve any dispute relating to the scope, applicability, validity, enforceability, or waiver of this Agreement. However, the preceding sentence does not apply to any claims under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act, and it does not apply to the Class Action Waiver and/or PAGA Individual Action Requirement below. Notwithstanding any other clause or language in this Agreement and/or any rules or procedures that might otherwise apply by virtue of this Agreement (including without limitation the AAA Rules discussed below) or any amendments and/or modifications to those rules, any claim that the Class Action Waiver or PAGA Individual Action Requirement or any portion of the Class Action Waiver or PAGA Individual Action Requirement is unenforceable, inapplicable, unconscionable, or void or voidable, will be determined only by a court of competent jurisdiction and not by an arbitrator.

**CLAIMS NOT COVERED BY THIS AGREEMENT AND LIMITATIONS ON HOW THIS AGREEMENT APPLIES.** The following claims are not covered under this Agreement: (i) workers' compensation benefits, state disability insurance benefits or unemployment insurance benefits; however, this Agreement applies to discrimination or retaliation claims based upon seeking such benefits; (ii) disputes that an applicable federal statute expressly states cannot be arbitrated or subject to a pre-dispute arbitration agreement; and (iii) disputes that may not be subject to a pre-dispute

# ARBITRATION AGREEMENT

arbitration agreement under the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act (at Employee's election). If any claim(s) not covered under this Agreement above are combined with claims that are covered under this Agreement, to the maximum extent permitted under applicable law, the covered claims will be arbitrated and continue to be covered under this Agreement.

Nothing in this Agreement prevents Employee from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, Occupational Safety and Health Administration, or law enforcement authorities. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in arbitration. Employee will not be retaliated against for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under the National Labor Relations Act. This Agreement also does not prevent or prohibit Employee from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse.

**PROCEDURES AND RULES.** Unless otherwise agreed to by the parties, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement or otherwise agreed to, will be under the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available via the internet at **www.adr.org/employment**). Unless the parties jointly agree otherwise, the arbitrator will be an attorney experienced in employment law and licensed to practice law in the state in which the arbitration is convened or a retired judge from any jurisdiction. Unless the parties jointly agree otherwise, the arbitration will take place in or near the city and in the state in which Employee works or last worked for the Company.

Unless the parties mutually agree on an arbitrator, the arbitrator will be selected as follows: The AAA will give each party a list of nine (9) arbitrators (subject to the qualifications listed in the preceding paragraph) drawn from its panel of arbitrators from which each side will strike alternately, with the side striking first to be determined by a coin toss, until only one name remains. That person will be designated as the arbitrator. If the individual selected cannot serve, AAA will issue another panel of nine (9) arbitrators and repeat the alternate selection process. If AAA will not administer the arbitration, either party may apply to a court of competent jurisdiction with authority over the location where the arbitration will be conducted to appoint a neutral arbitrator.

The arbitrator may award any party any remedy to which that party is entitled under applicable law, but such remedies are limited to those that would be available to a party in its/his or her individual capacity in a court of law for the disputes presented to and decided by the arbitrator. The arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. The Federal Rules of Evidence apply. Each party may take the deposition of two individual fact witnesses and any expert witness designated by another party. Each party may also propound requests production of documents and ten (10) interrogatories, and each party may subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties, in accordance with any applicable state or federal law. Additional discovery may be conducted by mutual stipulation, and the arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case.

Any party may file a motion to dismiss and/or a motion for summary judgment and the arbitrator will

# ARBITRATION AGREEMENT

apply the standards governing such motions under the Federal Rules of Civil Procedure. At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration.

The arbitrator shall render an award by written opinion that will include the factual and legal basis for the decision no later than thirty (30) days from the date the arbitration hearing concludes, or the post-hearing briefs (if requested) are received, whichever is later, unless the parties agree otherwise. The decision of the arbitrator may be entered and enforced as a final judgment in any court of competent jurisdiction.

**ARBITRATION FEES AND COSTS.** Employee and G&A Partners (and/or the Company, as applicable) shall follow the AAA Rules applicable to initial filing fees, but in no event will Employee be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. G&A Partners (and/or the Company, as applicable) shall pay any remaining portion of the initial fee and will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees. Each party will pay for its own costs and attorneys' fees, if any, except that the arbitrator may award reasonable fees to the prevailing party as provided by law. The arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

**CLASS ACTION WAIVER.** G&A Partners, the Company, and Employee agree to bring any claim on an individual basis only. Accordingly,

G&A PARTNERS, THE COMPANY, AND EMPLOYEE WAIVE ANY RIGHT FOR ANY DISPUTE TO BE BROUGHT, HEARD, DECIDED OR ARBITRATED AS A CLASS AND/OR COLLECTIVE ACTION AND THE ARBITRATOR WILL HAVE NO AUTHORITY TO HEAR OR PRESIDE OVER ANY SUCH CLAIM ("Class Action Waiver"). In the event a final judicial determination is made that the Class Action Waiver is unenforceable and that a class and/or collective action may proceed notwithstanding the existence of this Agreement, the arbitrator is nevertheless without authority to preside over a class and/or collective action and any class or collective action must be brought in a court of competent jurisdiction—not in arbitration—but the portion of the Class Action Waiver that is enforceable will be enforced in arbitration.

**CALIFORNIA PRIVATE ATTORNEYS GENERAL ACT ("PAGA") INDIVIDUAL ACTION REQUIREMENT**. G&A Partners, the Company, and Employee agree to arbitrate PAGA claims on an individual basis only. Therefore, any claim by Employee under PAGA to recover Employee's unpaid wages, penalties, or other individual relief must be arbitrated under this Agreement. The arbitrator is without authority to preside over any PAGA claim by Employee on behalf of any other person or joined by or consolidated with another person's or entity's PAGA claim. This PAGA Individual Action Requirement clause will be severable from this Agreement if there is a final judicial determination that it is invalid, unenforceable, unconscionable, void, or voidable. In such case, the PAGA action must be litigated in a court of competent jurisdiction—not in arbitration—but the portion of the PAGA Individual Action Requirement that is enforceable will be enforced in arbitration.

**CONSTRUCTION AND ENFORCEMENT OF THIS AGREEMENT.** This is the entire agreement between Employee, on the one hand, and the Company and/or PEO, on the other hand, regarding dispute resolution, and unless this Agreement is deemed invalid, unenforceable, or inapplicable in its entirety, this Agreement supersedes any and all prior agreements regarding these issues. Subject to the Class Action Waiver and PAGA Individual Action Requirement above, if any provision of this Agreement is deemed to be void, voidable or otherwise unenforceable, in whole or in part, such provision will be severed from this Agreement. All remaining provisions will remain in full force and

## ARBITRATION AGREEMENT

effect. Any agreement contrary to this Agreement must be entered into, in writing, by Employee, President of the Company and President of PEO. Any contractual disclaimers the Company and/or PEO have in any handbooks, other agreements, or policies do not apply to this Agreement. PEO and the Company's respective owners, affiliates, future affiliates, directors, officers, members, managers, employees, or agents are third-party beneficiaries of this Agreement and may enforce this Agreement. This Agreement does not alter the "at-will" status of Employee's employment. This Agreement will survive the termination of Employee's employment and the expiration of any benefit, and it will continue to apply to G&A Partners and Employee upon Employee's transfer, rehire, or hire by any other Company and/or if Employee's employment is ended but later renewed. Oral representations made before or after employment do not alter this Agreement.

**AGREED AND RECEIVED BY EMPLOYEE:**

**BY EITHER SIGNING THIS AGREEMENT BY HAND (IF THIS IS A PAPER COPY) OR THROUGH AN "ELECTRONIC SIGNATURE" BELOW OR ON A SEPARATE SCREEN (IF EMPLOYEE IS REVIEWING THIS AGREEMENT ELECTRONICALLY/VIA COMPUTER), EMPLOYEE IS AGREEING TO ARBITRATE CLAIMS COVERED BY THIS AGREEMENT. EMPLOYEE ALSO AGREES AND AUTHORIZES THE USE OF AN ELECTRONIC SIGNATURE AS EMPLOYEE'S ACCEPTANCE TO THIS AGREEMENT AND UNDERSTANDS AND ACKNOWLEDGES THAT EMPLOYEE'S ELECTRONIC SIGNATURE IS INTENDED TO SHOW EMPLOYEE'S ACCEPTANCE AND IS AS VALID AND HAS THE SAME LEGAL EFFECT AS AN INK SIGNATURE.**

**DO NOT SIGN UNTIL YOU HAVE READ THE ABOVE ACKNOWLEDGMENT AND AGREEMENT.**


**AGREED:** *THE COMPANY*

**AGREED:** *G&A PARTNERS*