# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| **BRYCE BROWN,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **CHANDRESH PATEL, ET AL.** § | **CIVIL ACTION NO. 4:24-cv-05036** |
| § | |
| **Defendant,** § | |
| § | |
| **G&A OUTSOURCING III LLC., DBA** § | |
| **ONPOINT LAB, ET AL.** § | |
| § | **JURY TRIAL DEMANDED** |
| **Defendant.** § | |

## DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY ACTION

Dated: March 24, 2025

*Of Counsel:*

Daniel Coolidge
State Bar No. 24113693
Federal I.D. No. 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    713.951.9400
Facsimile:    713.951.9212

Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon *(Attorney-in-Charge)*
State Bar No. 6052
Federal I.D. No. 6052
mjodon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    713.951.9400
Facsimile:    713.951.9212

**ATTORNEYS FOR DEFENDANTS
G&A OUTSOURCING III, LLC, ONPOINT
LAB, L.L.C., AND CHANDRESH PATEL**

**TABLE OF CONTENTS**

A. Summary of the Reply. ............................................................................................. 1

B. Plaintiff Does Not Dispute that He Signed the Agreement or that the FAA Controls. ... 2

C. The Agreement Clearly and Unmistakably Delegates Threshold Questions of Enforceability and Applicability to an Arbitrator. ..................................................... 3

D. Plaintiff's Arguments Concerning The Enforceability of the Agreement are Meritless and Questions for the Arbitrator. ................................................................................ 5

    1. The Agreement is Not Procedurally Unconscionable. ............................................. 6

    2. The Agreement is Not Substantively Unconscionable. ............................................. 6

        a. The Agreement Does Not Impose Excessive Costs on Plaintiff. ........................... 6

        b. The Agreement's Discovery Provisions Are Not Unconscionable. ......................... 8

        c. The Agreement Does Not Contain Confidentiality Provisions. ............................. 9

E. Plaintiff Has Not Alleged a *Sexual Harassment Dispute* as Defined in the EFAA, and is Barred from Doing So. ............................................................................................... 10

F. Stay of These Proceedings is Appropriate. ................................................................ 11

CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Heritage Life Ins. Co. v. Lang*,
 321 F.3d 533 (5th Cir. 2003) ...........................................................................................2, 5

*Belgau v. Albertsons, LLC*,
 2006 U.S. Dist. LEXIS 71146 (W.D. Tex. Sept. 29, 2006)....................................................1

*Bell v Koch Foods of Miss., LLC*,
 358 F. App'x 498 (5th Cir. 2009) ..........................................................................................3

*Brackenridge Healthcare, Inc. v. Camero*,
 No. 04-22-00271-CV, 2023 WL 3107064 (Tex. App.—San Antonio Apr. 27,
 2023, no pet.) .........................................................................................................................6

*Campos v. Ins. & Bonds Agency of Tex., LLC*,
 Case No. SA-12-CV-00799-DAE, 2013 WL 321865 (W.D. Tex. Jan. 28,
 2013) ...................................................................................................................................12

*Circuit City Stores, Inc. v. Adams*,
 532 U.S. 105 (2001)..............................................................................................................1

*Cyphers v. Camino Real Cmty. Servs.*,
 No. SA-22-CV-00357-JKP, 2022 WL 4280906 (W.D. Tex. Aug. 24, 2022) .........................9

*Dresser Indus., Inc. v. Pagett*,
 821 S.W.2d 760 (Tex.-App.—Houston [14th Dist.] 1991, writ denied) ...................................1

*In re Fleetwood Homes of Texas, L.P.*,
 257 S.W.3d 692 (Tex. 2008).................................................................................................9

*Friel v. Mnuchin*,
 474 F. Supp. 3d 673 (E.D. Pa. 2020) ..................................................................................11

*Garcia v. Univ. Behav. Health of El Paso, LLC*,
 No. EP-18-CV-254-KC, 2019 WL 13472245 (W.D. Tex. Mar. 13, 2019) ..............................9

*Gauthier v. Goodyear Tire & Rubber Co.*,
 No. 1:23-cv-00281, 2024 WL 4882651 (E.D. Tex. Nov. 25, 2024).........................................1

*Green Tree Financial Corp.-Alabama v. Randolph*,
 531 U.S. 79 (2000).................................................................................................................7

*H-E-B, LP v. Saenz*,
  No. 01-20-00850-CV, 2021 WL 4733460 (Tex. App.—Houston [1st Dist.]
  Oct. 12. 2021, pet. denied) ........................................................................................6

*Hadnot v. Bay, Ltd.*,
  344 F.3d 474 (5th Cir. 2003) .....................................................................................1

*In re Halliburton Co.*,
  80 S.W.3d 566 (Tex. 2002) (orig. proceeding)..........................................................6

*Harkins v. Hillstone Restaurant Grp., Inc.*,
  No. 24-23800-CIV-MORENO, 2025 WL 522674 (S.D. Fla. Feb. 18, 2025) .........11

*Hernandez v. FVE Managers, Inc.*,
  No. 4:23-CV-04592, 2024 WL 3976860 (S.D. Tex. Aug. 27, 2024) .........................8

*Houston ANUSA, LLC v. Shattenkirk*,
  693 S.W.3d 513 (Tex. App.—Houston [14th Dist.] 2023, no pet.)...........................3

*In re Houston Pipe Line Co.*,
  311 S.W.3d 449 (Tex. 2009).....................................................................................8

*Jones v. Halliburton Co.*,
  625 F. Supp. 2d 339 (S.D. Tex. 2008), *aff'd and remanded*, 583 F.3d 228 (5th
  Cir. 2009) ..................................................................................................................6

*Khurama v Strategic Advisor, Inc.*,
  2023 U.S. Dist. LEXIS 57152 (S.D.N.Y. Mar. 31, 2022) .........................................1

*Kubala v. Supreme Prod. Services, Inc.*,
  830 F.3d 199 (5th Cir. 2016) .................................................................................2, 4

*Lewis v. Circle K Stores, Inc.*,
  No. H-23-1446, 2023 WL 6448853 (S.D. Tex. Oct. 3, 2023) ...................................3

*Lopez v. Cintas Corp.*,
  47 F.4th 428 (5th Cir. 2022) .....................................................................................5

*In re McKinney*,
  167 S.W.3d 833 (Tex. 2005).................................................................................3, 6

*Meritor Savings Bank v. Vinson*,
  477 U.S. 57 (1986)...................................................................................................11

*Mihalik v. Credit One Bank, N.A.*,
  2022 U.S. Dist. LEXIS 127976 (E.D.N.Y. Jul. 20, 2022) ........................................1

*Moore v. Mansions Custom Homes, III, LP*,
   No. 6:12-CV-317, 2012 WL 12903080 (E.D. Tex. Oct. 15, 2012) ..........................................8

*In re Palmer Harbor Homes, Inc.*,
   195 S.W.3d 672 (Tex. 2006)..................................................................................................1

*Paulson v. Halliburton Energy Servs.*,
   809 F. Supp. 2d 526 (S.D. Tex. 2011) ...................................................................................1

*Pepe v. N.Y. Life Ins. Co.*,
   No. 22 Civ. 4005 (SSV), 2023 WL 1814879 (E.D. La. Feb. 7, 2023) ...................................11

*Petrofac, Inc. v. Dyn-McDermott Petroleum Ops. Co.*,
   687 F.3d 671 (5th Cir. 2012) .................................................................................................4

*Rush Truck Ctrs. of Tex., L.P. v. Mendoza*,
   676 S.W.3d 821 (Tex. App.—El Paso 2023, pet. denied) .....................................................3

*Shackle v. B-G Maint. Mgmt. of Colo., Inc.*,
   163 F.3d 1230 (10th Cir. 1999) .............................................................................................1

*Simpson v. Synergenx Health Kingwood LLC*,
   No. 4:20-CV-1860, 2021 WL 765410 (S.D. Tex. Feb. 25, 2021) ..........................................4

*Smith v. Spizzirri*,
   601 U.S. 472 (2024)..............................................................................................................12

*Thomas v. Cognizant Tech. Sols. US Corp.*,
   No. 3:24-CV-00223-E, 2024 WL 2331751 (N.D. Tex. May 22, 2024) ..................................4

*Vista Quality Markets v. Lizalde*,
   738 S.W.3d 114 (Tex. App.—El Paso 2014, no pet.)............................................................2

*Zachary v. Countrywide Fin. Corp.*,
   No. H-08-0214, 2008 WL 11490471 (S.D. Tex. Oct. 7, 2008) ..............................................4

**Statutes**

9 U.S.C. § 2......................................................................................................................................2

9 U.S.C. § 3....................................................................................................................................12

9 U.S.C. § 401(4) ...........................................................................................................................10

9 U.S.C. § 402(a) ...........................................................................................................................10

42 U.S.C. § 1981 (iii).....................................................................................................................11

42 U.S.C. § 1988(b) (attorneys' fees awarded to prevailing party under Section 1981) ................................................................................................................ 8

42 U.S.C. § 2000e-5(k) ............................................................................................ 8

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ...................................... 11

EFAA ............................................................................................... 10, 11, 12

Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ............ 2

FAA ............................................................................................................ 2

Federal Arbitration Act ................................................................................... 1

Title VII ................................................................................................ 8, 11, 12

Defendants G&A Outsourcing III, LLC ("G&A"), OnPoint Lab L.L.C. ("OnPoint Lab"), and Chandresh Patel ("Patel") (collectively, "Defendants")[1] hereby file this Reply in Support of its Motion to Compel Arbitration and Stay Action in response to The Plaintiff's Opposition to the Defendant's Motion to Compel Arbitration ("Response") (Doc. 14).

**REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STAY ACTION**

A.   **Summary of the Reply.**

Notwithstanding Plaintiff's groundless objections and meritless contentions to the contrary[2], the Defendants' Motion to Compel Arbitration and Stay Action should be granted. First, Plaintiff does not contend that the Federal Arbitration Act ("FAA") is inapplicable to the Agreement, nor does he dispute that the delegation clause—granting authority to the arbitrator to

---

[1] Plaintiff erroneously named the legal entities in this case as "G&A Outsourcing III LLC., DBA OnPoint Lab, et al." Plaintiff refers to two separate entities: (i) G&A Outsourcing III, LLC, and (ii) OnPoint Lab, L.L.C. The undersigned counsel represent both legal entities, along with individual defendant Chandresh Patel.

[2] The Court should be aware that Plaintiff is citing caselaw that does not exist or that does not support the proposition for which it is cited, including, but not limited to:
- *Dresser Indus., Inc. v. Pagett*, 821 S.W.2d 760, 767 (Tex.-App.—Houston [14th Dist.] 1991, writ denied), does not exist. *See* Response, Dkt. 14 at p. 3.
- *Belgau v. Albertsons, LLC*, 2006 U.S. Dist. LEXIS 71146 (W.D. Tex. Sept. 29, 2006), does not exist. *See* Response, Dkt. 14 at p. 7.
- *Paulson v. Halliburton Energy Servs.*, 809 F. Supp. 2d 526, 537-38 (S.D. Tex. 2011), does not exist. *See* Response, Dkt. 14 at p. 7.
- *Mihalik v. Credit One Bank, N.A.*, 2022 U.S. Dist. LEXIS 127976 (E.D.N.Y. Jul. 20, 2022), does not exist. *See* Response, Dkt. 14 at p. 10.
- *Khurama v Strategic Advisor, Inc.*, 2023 U.S. Dist. LEXIS 57152 (S.D.N.Y. Mar. 31, 2022), does not exist. *See* Repsonse, Dkt. 14 at pp. 10-11.
- Plaintiff falsely claims that footnote 14 in *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 478 (5th Cir. 2003) cites to *Shackle v. B-G Maint. Mgmt. of Colo., Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999). The *Shackle* case is not cited anywhere in *Hadnot*. See Response, Dkt. 14 at p. 2.
- Plaintiff falsely claims that *In re Palmer Harbor Homes, Inc.*, 195 S.W.3d 672, 678 (Tex. 2006), stands for the proposition that "court have recognized the inherent power imbalance between employers and individual employees", but this case dealt with an arbitration agreement between a manufacturer and a buyer – not in an employment relationship. See Response, Dkt. 14 at p. 3.
- Plaintiff falsely claims that *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 123 (2001), stands for the proposition and includes a quote stating that the Supreme Court has acknowledged the "inequality of bargaining power between employers and employees." No such quote exists in the opinion. *See* Response, Dkt. 14 at p. 4.

Defendants request the Court to remind Plaintiff of his ethical obligations. *See, e.g., Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-cv-00281, 2024 WL 4882651 (E.D. Tex. Nov. 25, 2024) (ordering sanctions on attorney who used artificial intelligence to draft motion with citations to non-existent cases).

1

decide any gateway issues of arbitrability—is valid and enforceable. Second, even if the Court were to address Plaintiff's meritless challenges to the Agreement, Plaintiff's arguments are contrary to well-settled law and the terms of the Agreement itself. Third, contrary to Plaintiff's contention, his failure to assert a sexual harassment claim in the present lawsuit defeats his argument that the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA") bars arbitration of his claims. Therefore, the Defendants respectfully request that their Motion to Compel should accordingly be granted.

### B. Plaintiff Does Not Dispute that He Signed the Agreement or that the FAA Controls.

As an initial matter, Plaintiff concedes that the Agreement contains a provision providing for the resolution of disputes by arbitration and that the Agreement arises out of a transaction that affects commerce. *See* Response, Dkt. 14 at p. 3. The FAA accordingly controls. *See* 9 U.S.C. § 2. The enforcement of an arbitration agreement under the FAA typically involves two steps: (1) whether the parties entered into any arbitration agreement at all; and (2) whether the Plaintiff's claims are covered by the agreement. *Kubala v. Supreme Prod. Services, Inc.*, 830 F.3d 199, 201 (5th Cir. 2016).

Plaintiff does not dispute that he digitally signed the Agreement. Plaintiff likewise appears to agree that Texas law governs the issue of contract formation. "Arbitration agreements between employers and their employees are broadly enforceable in Texas." *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 202 (5th Cir. 2016) (citing *In re Poly-Am., L.P.*, 262 S.W.3d 337, 348 (Tex. 2008)). It likewise is an accepted principle of contracts that one who signs or accepts a written instrument will normally be bound in accordance with its written terms. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003) (citations omitted); *see also Vista Quality Markets v. Lizalde*, 738 S.W.3d 114, 124 (Tex. App.—El Paso 2014, no pet.). Texas law presumes that a party

who signs a contract has read and understood it. *Lewis v. Circle K Stores, Inc.*, No. H-23-1446, 2023 WL 6448853, at *4 (S.D. Tex. Oct. 3, 2023) (collecting cases). Additionally, that he was presented the Agreement along with other onboarding documents to sign does not render the Agreement unconscionable. *See*, *e.g.*, *Houston ANUSA, LLC v. Shattenkirk*, 693 S.W.3d 513, 521 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (finding that plaintiff's self-serving statement that she "did not remember signing the arbitration agreement" in her onboarding documents insufficient to establish unconscionability); *see also Rush Truck Ctrs. of Tex., L.P. v. Mendoza*, 676 S.W.3d 821, 829-30 (Tex. App.—El Paso 2023, pet. denied) (noting "Texas law has long recognized an employee can be bound by an arbitration agreement if the employee received electronic notice of the arbitration agreement and continued working thereafter.") (citing *In re Halliburton Co.*, 80 S.W.3d 566, 568-69 (Tex. 2002) (orig. proceeding)). Furthermore, Plaintiff's lack of "specialized legal knowledge" does not render the Agreement unconscionable. *See Bell v Koch Foods of Miss., LLC*, 358 F. App'x 498, 503 (5th Cir. 2009) (rejecting argument that arbitration agreement is unconscionable because the claimants are "not sophisticated business persons and have no knowledge of the workings of arbitration."). Absent fraud, misrepresentation, or deceit, a party is bound by the terms of the contract he signed, regardless of whether he read it or thought it had different terms. *In re McKinney*, 167 S.W.3d 833, 835 (Tex. 2005). Critically, Plaintiff does not allege any fraud or misrepresentation in connection with the Agreement. He is accordingly bound by its terms.

### C. The Agreement Clearly and Unmistakably Delegates Threshold Questions of Enforceability and Applicability to an Arbitrator.

This analysis likewise applies to the enforceability of the delegation clause. The parties unmistakably and clearly agreed that "[t]he arbitrator—and not any federal, state, or local court or agency—will have exclusive authority to resolve any dispute relating to the scope, applicability,

3

validity, enforceability or waiver of this Agreement."[3] These clauses are enforceable and transfer the Court's power to decide arbitrability questions—the typical second step in the analysis—to the arbitrator. *Kubala*, 830 F.3d at 202. Courts have routinely found clauses like the one in the Agreement clearly and unmistakably reflect the parties' intent on this issue. *Thomas v. Cognizant Tech. Sols. US Corp.*, No. 3:24-CV-00223-E, 2024 WL 2331751, at *6 (N.D. Tex. May 22, 2024) (recognizing clause providing "disputes regarding the scope, validity, applicability, enforceability or breach of this Agreement, or the arbitrability of any Claim, must be resolved in arbitration under this Agreement" constituted clear and unmistakable evidence); *Zachary v. Countrywide Fin. Corp.*, No. H-08-0214, 2008 WL 11490471, at *3 (S.D. Tex. Oct. 7, 2008), report and recommendation adopted, No. H-08-0214, 2008 WL 11490468 (S.D. Tex. Nov. 9, 2008) (finding statement that "[t]he arbitrator has exclusive authority to resolve any dispute relating to the applicability or enforceability of this Agreement" was "clear and unmistakable evidence of the parties' intent").

Were there any doubt, and there is not, contrary to Plaintiff's representations, the law is well settled that the reference of the AAA Rules, standing alone, is sufficient evidence of the parties' intent. *Petrofac, Inc. v. Dyn-McDermott Petroleum Ops. Co.*, 687 F.3d 671, 674–75 (5th Cir. 2012); *accord Simpson v. Synergenx Health Kingwood LLC*, No. 4:20-CV-1860, 2021 WL 765410, at *2 (S.D. Tex. Feb. 25, 2021) ("Because the Delegation Clause expressly incorporates the AAA rules, the parties have clearly and unmistakably demonstrated their intent to arbitrate threshold questions, including questions about the validity of the Plan."). The Agreement does just that, providing:

> Unless otherwise agreed to by the parties, the arbitration will be held under the auspices of the American Arbitration Association ("AAA"), and except as provided in this Agreement

---
[3] Dkt. 11-2, p. 1.

4

> or otherwise agreed to, will be under the then current Employment Arbitration Rules of the AAA ("AAA Rules") (the AAA Rules are available via the internet at www.adr.org/employment).[4]

It was Plaintiff's obligation to read and understand the terms of the Agreement, and by signing it, the law presumes that he did. *See Lang*, 321 F.3d at 538. Thus, the delegation clause in the Agreement is valid and enforceable, and any gateway issues concerning arbitrability are questions for the arbitrator.

### D. Plaintiff's Arguments Concerning The Enforceability of the Agreement are Meritless and Questions for the Arbitrator.

Plaintiff asserts a litany of legally and factually groundless arguments that the Agreement is invalid or otherwise unenforceable, including procedural and substantive unconscionability, and lack of genuine assent.

Because this delegation clause clearly and unmistakably delegates these gateway issues of arbitrability to the arbitrator, the Court need not address them here. *See Lopez v. Cintas Corp.*, 47 F.4th 428, 433 (5th Cir. 2022) ("If a party opposing arbitration contests the *validity* of the contract, that goes to the arbitrator; if the party contests the *existence* of a contract, it stays with us.") (emphasis in original). Even if the Court were to reach these issues, Plaintiff's arguments fail.

Plaintiff argues that the Agreement is substantively and procedurally unconscionable. Plaintiff is incorrect. Unconscionability includes two aspects: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration provision, and (2) substantive unconscionability, which refers to the fairness of the arbitration provision itself." *In re Halliburton Co.*, 80 S.W.3d 566, 571 (Tex. 2002). The burden of proving unconscionability rests on the party seeking to invalidate the arbitration agreement. *Id.* at 572.

---

[4] Dkt. 11-2, p. 2.

1. <u>The Agreement is Not Procedurally Unconscionable.</u>

Plaintiff points to the unequal bargaining power between him and Defendants, arguing that his "economic reality" caused him to "accept whatever terms were offered", and he "had the difficult choice of either accepting the arbitration agreement as presented or foregoing the employment opportunity entirely" as evidence that the Agreement was procedurally unconscionable. *See* Response, Dkt. 14 at pp. 3-4. The Texas Supreme Court has held *precisely* the opposite: "it is not unconscionable, without more, to require an at-will employee to accept a 'take-it-or leave it' arbitration provision as a condition of employment." *Jones v. Halliburton Co.*, 625 F. Supp. 2d 339, 346 (S.D. Tex. 2008), *aff'd and remanded*, 583 F.3d 228 (5th Cir. 2009) (citing *In re Halliburton*, 80 S.W.3d at 572). Additionally, Plaintiff's contention that he "had no specialized legal knowledge" to understand or fully appreciate the effect of the Agreement is not evidence of procedural unconscionability. *H-E-B, LP v. Saenz*, No. 01-20-00850-CV, 2021 WL 4733460, at *4 (Tex. App.—Houston [1st Dist.] Oct. 12. 2021, pet. denied); *see also In re McKinney*, 167 S.W.3d at 835 ("Rohlack's contention that he did not understand his signature's significance does not negate his acceptance of the contract terms."). Nor were the Defendants under any obligation to explain the agreement to him. *Brackenridge Healthcare, Inc. v. Camero*, No. 04-22-00271-CV, 2023 WL 3107064, at *5 (Tex. App.—San Antonio Apr. 27, 2023, no pet.) ("Without proof of a confidential or fiduciary relationship, Sonterra had no duty to explain the contents of the arbitration agreement to Camero."). Accordingly, the Agreement is not procedurally unconscionable.

2. <u>The Agreement is Not Substantively Unconscionable.</u>

    a. *The Agreement Does Not Impose Excessive Costs on Plaintiff.*

Plaintiff devotes a large portion of his Response to argue the Agreement is unenforceable given the Agreement's allegedly "prohibitive costs." *See* Response, Dkt. 14 at pp. 4-8. In arguing that the Agreement imposes "substantial financial obligations", Plaintiff relies inaccurately on

6

*Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000). As the Supreme Court states in *Green Tree*, in order to invalidate the Agreement on the basis that arbitration would be prohibitively expensive, Plaintiff "bears the burden of showing the likelihood of incurring such costs." *Id.* at 92. The Supreme Court further clarifies in *Green Tree* that to invalidate an arbitration agreement on the mere "risk" that a party could be saddled with merely speculative costs "would undermine the 'liberal federal policy favoring arbitration agreements.'" *Id.* at 90 (citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)).

Here, the only costs Plaintiff is required to incur under the Agreement are: (1) the initial share of the arbitration fee (an amount equal to the filing fee in an applicable court proceeding); and (2) his own costs.[5] These are costs Plaintiff would be responsible for regardless of the forum. Per the Agreement, Plaintiff is also not responsible for the cost of the arbitrator, or other incidental costs of arbitration.[6] Plaintiff has not and cannot show any costs he would likely incur as a result of arbitration are prohibitive, as the plain language of the Agreement only requires him to bear the same minimal costs he would be responsible for in any other forum. Indeed, contrary to Plaintiff's contention, the Supreme Court in *Green Tree* came to the same conclusion. *Id.* at 91 ("The 'risk' that [the Plaintiff] will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement.").

Additionally, nor does the Agreement contain an unconscionable cost-splitting provision. Plaintiff argues the "cost-splitting provision of the Agreement would require Brown to bear half of the arbitrator's compensation and other substantial costs." This argument is patently false, and is an improper attempt by Plaintiff to argue the Agreement contains terms that it does not. Under

---

[5] *See* Dkt. 11-2, p. 3.

[6] *See* Dkt. 11-2, p. 3 ("G&A Partners (and/or the Company, as applicable) shall pay any remaining portion of the initial fee and will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees.").

the Agreement, it states that Plaintiff is only responsible for paying a small initial fee equal to the amount he would pay for filing a complaint in a court proceeding and his own costs.[7] While the Agreement provides that "the arbitrator may award reasonable fees to the prevailing party as provided by law," the same would apply in a court proceeding because it is mandated by statute. *See* 42 U.S.C. § 1988(b) (attorneys' fees awarded to prevailing party under Section 1981); 42 U.S.C. § 2000e-5(k) (attorneys' fees awarded to prevailing party under Title VII).

      b. *The Agreement's Discovery Provisions Are Not Unconscionable.*

Plaintiff contends the Agreement's discovery provisions are unconscionable because they impose "limitations on discovery that disadvantage Mr. Brown in preparing his case." Again, this question is for the arbitrator, not the Court. *Hernandez v. FVE Managers, Inc.*, No. 4:23-CV-04592, 2024 WL 3976860, at *5 (S.D. Tex. Aug. 27, 2024) ("Thus, the arbitrator can address Hernandez's concerns by determining whether any or all of the discovery limitations are unenforceable."); *In re Houston Pipe Line Co.*, 311 S.W.3d 449, 451 (Tex. 2009) ("[O]rdinarily the arbitrator, rather than the trial court, will be better able to determine the preclusive effects of discovery limitations in the arbitration agreement."); *Moore v. Mansions Custom Homes, III, LP*, No. 6:12-CV-317, 2012 WL 12903080, at *3 (E.D. Tex. Oct. 15, 2012) (explaining that "whether to enforce discovery limitations within the Agreement is an issue for the arbitrator to decide; it is not an issue for the Court" and that if a "single deposition limit prevents effective presentation of [plaintiff]'s claims to the arbitrator, the arbitrator may render that provision of the Agreement unenforceable").

Furthermore, Plaintiff's contention is meritless, even if the Court were to reach it. The Agreement provides:

> Each party may take the deposition of two individual fact witnesses and any expert witness designated by another party. Each party may also propound requests production of

---

[7] Dkt. 11-2, p. 3.

8

documents and ten (10) interrogatories, and each party may subpoena witnesses and documents for discovery or the arbitration hearing, including testimony and documents relevant to the case from third parties, in accordance with any applicable state or federal law. Additional discovery may be conducted by mutual stipulation, and the arbitrator will have exclusive authority to entertain requests for additional discovery, and to grant or deny such requests, based on the arbitrator's determination whether additional discovery is warranted by the circumstances of a particular case.[8]

Limited discovery "is one of arbitration's most distinctive features," and the Texas Supreme Court has held that "arbitration's limits on discovery for *both* parties does not make it unconscionable." *In re Fleetwood Homes of Texas, L.P.*, 257 S.W.3d 692, 695 (Tex. 2008) (stating that the "argument that 'streamlined' discovery makes arbitration unconscionable would nullify almost all arbitration agreements"). As such, Courts routinely find that such provisions are valid and enforceable. *See Cyphers v. Camino Real Cmty. Servs.*, No. SA-22-CV-00357-JKP, 2022 WL 4280906, at *3 (W.D. Tex. Aug. 24, 2022) ("There is nothing per se unconscionable about limiting written discovery (here 15 requests for production and subpoenas for documents from third parties) and limiting the number of depositions (here two for each party)."); *Garcia v. Univ. Behav. Health of El Paso, LLC*, No. EP-18-CV-254-KC, 2019 WL 13472245, at *3 (W.D. Tex. Mar. 13, 2019) (". . . a provision that limits the number of depositions available to each party equally and empowers the arbitrator to increase the limits as necessary is not unconscionable.").

       c.   *The Agreement Does Not Contain Confidentiality Provisions.*

Plaintiff contends that the Agreement's "[c]onfidentiality requirements that shield Defendant's alleged discriminatory practices from public scrutiny" render the Agreement unconscionable. Plaintiff cites no legal authority for this proposition, nor does he cite to specific language in the Agreement to support his claim. In fact, the Agreement does not contain any

---

[8] Dkt. 11-2, p. 2.

express confidentiality provisions.[9] This is another improper attempt by Plaintiff to argue the Agreement contains terms that it does not.

Thus, while all of these are issues reserved for the arbitrator pursuant to the parties' Agreement, to the extent the Court reaches them, they should be summarily dismissed.

    **E. Plaintiff Has Not Alleged a *Sexual Harassment Dispute* as Defined in the EFAA, and is Barred from Doing So.**

The EFAA provides that "at the election of the person alleging conduct constituting a **sexual harassment dispute** or a **sexual assault dispute** . . . no predispute arbitration agreement . . . shall be valid or enforceable with respect to a case which is filed under Federal, Tribal or State law and **relates to the sexual assault dispute or the sexual harassment dispute**." 9 U.S.C. § 402(a) (emphasis supplied).  As Plaintiff recognizes in his Response, under the EFAA, "sexual harassment dispute," is defined as "a dispute relating to **conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal or State law.**"  9 U.S.C. § 401(4); *See* Response, Dkt. 14 at p. 9.

In this case, Plaintiff has not "alleged any conduct to constitute sexual harassment under applicable Federal, Tribal or State law." Plaintiff instead outlines four alleged violations of Federal Law: (i) race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"); (ii) race discrimination under 42 U.S.C. § 1981 ("Section 1981"), (iii) sex (gender) discrimination under Title VII; and (iv) retaliation under Title VII.  *See* Dkt. 4, Pl.'s Comp. at ¶¶ 20-44.[10]   In his Response, Plaintiff wrongly claims that "[t]he Supreme Court has long recognized that sexual discrimination includes sexual harassment as well as other forms of

---

[9] Dkt. 11-2.

[10] The term "Complaint" used in this Reply herein refers to Plaintiff's Amended Complaint, Dkt. 4.

10

discrimination based on sex." To support that statement, Plaintiff erroneously cites to *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 64 (1986). The Supreme Court in *Meritor* held that sexual harassment claims are properly adjudicated under Title VII since sexual harassment is a form of gender discrimination. *Id.* at 64. *Meritor* had nothing to do with the EFAA, nor does *Meritor* stand for what Plaintiff purports: that alleging sex-based discrimination *alone* is enough to bring his claim under the authority of the EFAA and preclude arbitration. *See*, *e.g.*, *Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020) "Sex discrimination is discriminating against someone because of his or her sex, while sexual harassment is unwelcome sexual advances or other verbal or physical contact of a sexual nature."). Plaintiff's interpretation that the EFAA bars arbitration in this matter simply because he alleges sex (gender) discrimination is flat-out wrong. *See Pepe v. N.Y. Life Ins. Co.*, No. 22 Civ. 4005 (SSV), 2023 WL 1814879, at *4 n.19 (E.D. La. Feb. 7, 2023) (holding EFAA not to apply where complaint's factual allegations and two references to "harassment" did not describe sexual harassment); *see also Harkins v. Hillstone Restaurant Grp., Inc.*, No. 24-23800-CIV-MORENO, 2025 WL 522674, at *8 (S.D. Fla. Feb. 18, 2025) (finding the Plaintiff's failure to properly plead sexual harassment claim eliminated the applicability of the EFAA); *Campos v. Ins. & Bonds Agency of Tex., LLC*, Case No. SA-12-CV-00799-DAE, 2013 WL 321865, at *5-6 (W.D. Tex. Jan. 28, 2013) (explaining that a disparate impact claim under Title VII is not sufficient to morph itself into a claim for hostile work environment based on sex).

### F. Stay of These Proceedings is Appropriate.

Because Plaintiff is obligated to arbitrate his claims, this case should be stayed pending arbitration, if any. *See* 9 U.S.C. § 3; *see Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) (noting that § 3 provides that when a court finds that an issue is subject to arbitration, the court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . .").

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Compel and enter an Order compelling arbitration of Plaintiff's claims, and staying the case, pending the outcome.

Dated:  March 24, 2025

*Of Counsel:*

Daniel Coolidge
State Bar No. 24113693
Federal I.D. No. 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    713.951.9400
Facsimile:    713.951.9212

Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon *(Attorney-in-Charge)*
State Bar No. 6052
Federal I.D. No. 6052
mjodon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:    713.951.9400
Facsimile:    713.951.9212

**ATTORNEYS FOR DEFENDANTS G&A OUTSOURCING III, LLC, ONPOINT LAB, L.L.C., AND CHANDRESH PATEL**

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, a copy of the foregoing document has been electronically filed with the Court, and served on the following by mail:

Bryce Brown
935 N. Wilcrest Dr., Apt. 1018
Houston, Texas 77079
Brycebrown19@gmail.com

*Pro Se Plaintiff*

*/s/ G. Mark Jodon*
G. Mark Jodon

4918-3988-1772 / 104391.1002