United States Courts
Southern District of Texas
**FILED**

**IN THE UNITED STATES DISTRICT COURT**

MAR 2 5 2025

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **BRYCE BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-05036** |
| **v.** | § | |
| | § | |
| **CHANDRESH PATEL, ET AL.** | § | |
| | § | |
| **Defendant,** | § | |
| | § | |
| **G&A OUTSOURCING III LLC., DBA** | § | |
| **ONPOINT LAB, ET AL.** | § | |
| | § | |
| **Defendant.** | § | **JURY TRIAL DEMANDED** |

## MOTION PLAINTIFF'S FOR SUMMARY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Bryce Brown ("Plaintiff"), and files this Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against Defendants Chandresh Patel, et al., and G&A Outsourcing III LLC, DBA OnPoint Lab, et al. (collectively "Defendants"), and would respectfully show the Court as follows:

## I.    INTRODUCTION

Plaintiff Bryce Brown, an African-American male and former employee of G&A Outsourcing III LLC DBA OnPoint Lab, brings this Motion for Summary Judgment on all claims set forth in his Original Complaint filed on December 20, 2024. This motion is based on Defendants' complete failure to address or deny any of the substantive allegations contained in Plaintiff's Complaint.

1

Despite being properly served and having ample opportunity to respond, Defendants have filed only a Motion to Stay the Case for Arbitration on February 24, 2025, without addressing the merits of Plaintiff's claims. Under Federal Rule of Civil Procedure 8(b)(6), "an allegation—other than one relating to the amounts of damages—is admitted if a responsive pleading is required and the allegation is not denied." By failing to deny the substantive allegations in Plaintiff's Complaint, Defendants have effectively admitted to all factual allegations supporting Plaintiff's claims for wrongful termination, race discrimination, retaliation, and sexual harassment/discrimination under Title VII of the Civil Rights Act of 1964.

The parties conducted joint discovery on March 20, 2025, but Defendants have continued to ignore their obligation to respond to the substance of Plaintiff's claims. As such, there remain no genuine issues of material fact in dispute, and Plaintiff is entitled to judgment as a matter of law on all claims.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Original Complaint on December 20, 2024, after receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC") on October 4, 2024. The Complaint details four specific causes of action: (1) wrongful termination, (2) race discrimination under Title VII, (3) retaliation under Title VII, and (4) sexual harassment/discrimination under Title VII.

### A.   Timeline of the Case

1. Plaintiff was hired by G&A Outsourcing III LLC DBA OnPoint Lab in August 2023 as a Sales and Marketing Representative. (Original Complaint, ¶ 1).

2. Throughout his employment, Plaintiff was subjected to discriminatory treatment by Defendant Chandresh Patel, his direct supervisor. (Original Complaint, ¶¶ 13-14).

3. Plaintiff was wrongfully terminated from his position on December 18, 2023, without warning or corrective actions being taken. (Original Complaint, ¶ 7; Declaration of Bryce Brown, ¶ 7).

4. Plaintiff timely filed a charge of discrimination with the EEOC on December 18, 2023 (EEOC Charge No. 460-2024-04187), alleging race discrimination, sex discrimination, retaliation, and wrongful termination. (Original Complaint, ¶ 8).

5. The EEOC issued a Notice of Right to Sue on October 4, 2024. (Original Complaint, ¶ 8).

6. Plaintiff filed this lawsuit on December 20, 2024, well within the 90-day period required after receiving the Notice of Right to Sue.

7. Defendants were properly served with the Complaint and Summons shortly thereafter.

8. On February 24, 2025, Defendants filed only a Motion to Stay the Case for Arbitration, without addressing any of the substantive allegations contained in Plaintiff's Complaint.

9. On March 20, 2025, the parties conducted joint discovery, but Defendants still have not filed an Answer or other responsive pleading addressing the merits of Plaintiff's claims.

**B. Factual Allegations That Remain Uncontested**

The following material facts, as alleged in Plaintiff's Complaint and Declaration, remain uncontested by Defendants:

1. **Wrongful Termination and Discriminatory Treatment**: Plaintiff was subjected to racial discrimination by not being supplied with adequate tools as Defendant Patel did for representatives who were not of African-American descent. (Declaration of Bryce Brown, ¶ 6).

3

2. **Disparate Treatment**: Plaintiff was forced to use old or outdated marketing materials, while non-African American employees received current and appropriate materials. (Declaration of Bryce Brown, ¶ 2; Original Complaint, ¶ 14).

3. **Retaliation**: On December 15, 2023, Plaintiff was moved from salary to hourly pay without notice. When Plaintiff approached Mr. Patel to inquire about this change and noted that the Employee Handbook required notification in writing for such changes, he was terminated three days later on December 18, 2023. (Declaration of Bryce Brown, ¶ 5; Original Complaint, ¶ 17).

4. **Denial of Resources**: Plaintiff repeatedly requested basic business tools such as business cards, name tags, and up-to-date marketing materials on multiple occasions (August 18, 2023, September 21, 2023, and October 12, 2023), but these requests were ignored or denied. (Original Complaint, ¶ 16; Exhibits B-1 to B-10).

5. **Sexual Harassment/Discrimination**: Mr. Patel repeatedly made inappropriate personal inquiries about Plaintiff's marital status and relationship with his "husband," despite Plaintiff informing him that he was not married. These inquiries occurred on multiple dates including September 10, 2023, September 25, 2023, October 31, 2023, and November 21, 2023. (Original Complaint, ¶¶ 15-16).

6. **Inappropriate Comments**: On August 25, 2023, Mr. Patel made inappropriate comments about Plaintiff's appearance, stating "You are an excellent dresser, Bryce, maybe if [you] wear the tight pants we can draw in clientele." (Original Complaint, ¶ 16).

7. **Termination Without Warning**: Plaintiff was terminated without any prior written or verbal warnings, despite his supervisor, Mr. Patel, previously telling him "You are doing great." (Declaration of Bryce Brown, ¶ 7; Original Complaint, ¶ 18).

8. **Unemployment Appeal**: After Plaintiff's termination, he filed for unemployment benefits, which were initially awarded. Mr. Patel contested the award but then withdrew his opposition after Plaintiff provided documentation of the lack of adequate marketing materials he had been given. (Declaration of Bryce Brown, ¶ 7; Original Complaint, ¶ 18).

## III. LEGAL STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this burden, the nonmoving party must then "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Id. at 324. The nonmoving party cannot defeat summary judgment by resting on its pleadings, mere assertions, or "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In this case, the Defendants have failed to designate any specific facts showing genuine issues for trial, having not responded substantively to Plaintiff's allegations in any way.

### B. Legal Effect of Failure to Respond to Allegations

Federal Rule of Civil Procedure 8(b)(6) provides that "[a]n allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." This rule establishes that when a defendant fails to deny allegations in a complaint when required to do so, those allegations are deemed admitted for purposes of the litigation.

A motion to compel arbitration does not constitute a responsive pleading that denies the substantive allegations of a complaint. See *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1213 (3d Cir. 1976) (holding that motions are not "responsive pleadings" within the meaning of the Federal Rules of Civil Procedure); see also Fed. R. Civ. P. 7(a) (defining the pleadings allowed in federal court, which does not include motions).

Courts in the Fifth Circuit have consistently held that "[w]hen a defendant fails to respond to a plaintiff's factual allegations and instead files a motion that is not a responsive pleading, the defendant necessarily admits all facts well pleaded." *Jones v. Bank of America, N.A.*, 2013 WL 12106218, at *2 (N.D. Tex. Oct. 15, 2013) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Similarly, in *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012), the Fifth Circuit affirmed that undenied allegations in a complaint are deemed admitted.

### C. Title VII Legal Standards

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

To establish a prima facie case of race discrimination under Title VII, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Lee v. Kansas City* S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009).

For a retaliation claim under Title VII, a plaintiff must demonstrate that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012).

To establish a prima facie case of sexual harassment/discrimination, a plaintiff must show: (1) he belongs to a protected class; (2) he was subject to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005).

## IV.  ARGUMENT

### A. Summary Judgment is Appropriate Because Defendants Have Failed to Deny the Substantive Allegations

Summary judgment is warranted in this case because Defendants have not filed an Answer or other responsive pleading addressing the substantive allegations in Plaintiff's Complaint, thereby admitting all well-pleaded factual allegations under Federal Rule of Civil Procedure 8(b)(6).

7

Defendants' only response to the Complaint has been a Motion to Stay the Case for Arbitration filed on February 24, 2025. However, this motion does not constitute a responsive pleading under the Federal Rules of Civil Procedure. See *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1213 (3d Cir. 1976). Moreover, the Motion to Stay does not address or deny any of the substantive allegations in the Complaint related to Plaintiff's claims of wrongful termination, race discrimination, retaliation, or sexual harassment/discrimination.

Courts have consistently held that when a defendant fails to file a responsive pleading denying the allegations in a complaint, those allegations are deemed admitted. See *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Jones v. Bank of America*, N.A., 2013 WL 12106218, at *2 (N.D. Tex. Oct. 15, 2013). Even if the Court were to deny the Defendants' Motion to Stay, Defendants would be in default for failure to plead or otherwise defend as required by the Federal Rules. See Fed. R. Civ. P. 55(a).

In the Fifth Circuit, "[a] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206. As demonstrated below, Plaintiff's Complaint and supporting documents provide a sufficient basis for judgment on all claims.

**B. The Undisputed Facts Establish Plaintiff's Claims**

**1. Wrongful Termination (First Claim for Relief)**

Plaintiff has established all elements necessary for his wrongful termination claim under Title VII. The undisputed facts show that:

a) Plaintiff, an African-American male, is a member of a protected class (Original Complaint, ¶ 9);

b) Plaintiff was qualified for his position as a Sales and Marketing Representative, as evidenced by his hiring and positive feedback prior to termination (Original Complaint, ¶ 11; Declaration of Bryce Brown, ¶ 7);

c) Plaintiff suffered an adverse employment action when he was terminated on December 18, 2023 (Original Complaint, ¶ 7); and

d) Similarly situated employees outside the protected class were treated more favorably, specifically with respect to provision of necessary marketing materials and business tools (Original Complaint, ¶¶ 13-14; Declaration of Bryce Brown, ¶ 6).

Furthermore, Plaintiff's termination occurred without warning or progressive discipline, contrary to company practice and policy. Defendant Patel had previously told Plaintiff he was "doing great," yet terminated him without any documented performance issues. (Declaration of Bryce Brown, ¶ 7). The temporal proximity between Plaintiff's inquiry about the unauthorized change in his pay status on December 15, 2023, and his termination on December 18, 2023, strongly suggests a retaliatory and discriminatory motive (Original Complaint, ¶ 17). Courts have held that when the stated reasons for termination are contradicted by the employer's own statements and actions, this can establish a pretext for discrimination. See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). Here, Defendant's failure to respond to these allegations renders them admitted, establishing the elements of wrongful termination.

**2. Race Discrimination (Second Claim for Relief)**

The uncontested facts also establish Plaintiff's race discrimination claim under Title VII. As detailed above, Plaintiff has established his membership in a protected class, qualification for the position, and adverse employment action through his termination.

9

The differential treatment element is clearly demonstrated through the uncontested fact that Plaintiff was provided outdated and inadequate marketing materials and denied basic business tools, while similarly situated employees who were not African-American were given proper and current materials (Declaration of Bryce Brown, ¶ 6; Original Complaint, ¶ 14). Specifically:

a) Plaintiff was forced to use "old or out of date marking materials" (Declaration of Bryce Brown, ¶ 2);

b) Plaintiff repeatedly requested business cards and marketing materials but was denied these basic tools (Exhibits B-1 to B-4; Original Complaint, ¶ 14);

c) Plaintiff observed that "reps that are not African-American descent that came prior before me" were provided with adequate tools and materials (Declaration of Bryce Brown, ¶ 6); and

d) Defendant Patel subjected Plaintiff to "racial discrimination by not supplying [him] with the adequate tools" provided to non-African American employees (Declaration of Bryce Brown, ¶ 6).

The Fifth Circuit has recognized that denial of tools and resources necessary to perform one's job can constitute adverse employment actions when they affect job performance and career advancement. See *Williams v. U.S. Dep't of Navy*, 149 F. App'x 264, 269-70 (5th Cir. 2005). Here, the uncontested facts establish that Plaintiff was denied basic tools necessary for success in a sales and marketing role due to his race, in violation of Title VII.

### 3. Retaliation (Third Claim for Relief)

Plaintiff's retaliation claim is also firmly established by the undisputed facts. To prevail on a retaliation, claim under Title VII, a plaintiff must show that: (1) he engaged in a protected

activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

The uncontested facts demonstrate all three elements:

a) Protected activity: Plaintiff engaged in protected activity when he questioned the unauthorized change in his pay status from salary to hourly on December 15, 2023, citing the Employee Handbook requirement that such changes be communicated in writing (Original Complaint, ¶ 17; Declaration of Bryce Brown, ¶ 5). The Fifth Circuit has recognized that complaints about potential violations of employment laws or company policies can constitute protected activity. See *Hagan v. Echostar Satellite*, L.L.C., 529 F.3d 617, 626 (5th Cir. 2008).

b) Adverse employment action: Plaintiff suffered the ultimate adverse employment action when he was terminated on December 18, 2023, just three days after questioning the pay status change (Original Complaint, ¶ 17; Declaration of Bryce Brown, ¶ 7).

c) Causal connection: The causal connection between Plaintiff's protected activity and his termination is evidenced by the extremely close temporal proximity—just three business days between his complaint about the pay status change and his termination. The Fifth Circuit has recognized that "close timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." *Swanson v. Gen. Servs. Admin.*, 110 F.3d 1180, 1188 (5th Cir. 1997).

Furthermore, the fact that Plaintiff had received positive feedback about his performance, with Mr. Patel telling him "You are doing great" shortly before his termination, strengthens the inference that the termination was retaliatory rather than performance-based (Declaration of Bryce Brown, ¶ 7).

### 4. Sexual Harassment/Discrimination (Fourth Claim for Relief)

Finally, the undisputed facts establish Plaintiff's claim for sexual harassment/discrimination. To prevail on a sexual harassment claim, a plaintiff must show: (1) he belongs to a protected class; (2) he was subject to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take proper remedial action. *Harvill v. Westward Commc'ns*, L.L.C., 433 F.3d 428, 434 (5th Cir. 2005). The uncontested facts establish these elements:

a) Protected class: As a male, Plaintiff belongs to a protected class under Title VII's prohibition against sex discrimination.

b) Unwelcome harassment: Plaintiff was subjected to unwelcome harassment in the form of repeated inappropriate personal inquiries about his marital status and relationship with his "husband," despite informing Mr. Patel that he was not married (Original Complaint, ¶¶ 15-16). These unwelcome inquiries occurred on multiple occasions, including September 11, 2023, September 25, 2023, October 31, 2023, and November 21, 2023.

c) Based on sex: The harassment was based on sex, as evidenced by Mr. Patel's assumptions about Plaintiff's sexual orientation and inappropriate comments about Plaintiff's appearance, including the statement on August 25, 2023, "you are an excellent dresser Bryce, maybe if [you] wear the tight pants we can draw in clientele" (Original Complaint, ¶ 16). Courts have recognized that harassment based on sex stereotyping or perceived sexual orientation constitutes discrimination "because of sex" under Title VII. See *Bostock v. Clayton County*, 140 S. Ct. 1731, 1741 (2020) (holding that discrimination based on sexual orientation is a form of sex discrimination under Title VII); *EEOC v. Boh Bros. Constr. Co.*, 731 F.3d 444, 456-57 (5th Cir.

2013) (recognizing that harassment based on gender stereotypes can constitute discrimination because of sex).

d) Affected a term, condition, or privilege of employment: The harassment affected the terms and conditions of Plaintiff's employment, culminating in his termination shortly after he refused to conform to Mr. Patel's assumptions about his personal life and sexuality. Moreover, the persistent nature of the harassment, occurring on at least four documented occasions over a three-month period, created a hostile work environment that interfered with Plaintiff's ability to perform his job effectively.

e) Employer knowledge and failure to take remedial action: As the owner and manager of G&A Outsourcing III LLC DBA OnPoint Lab, Mr. Patel was the individual responsible for the harassment, and thus the company had direct knowledge of the harassment through its agent and took no remedial action. See *Faragher v. City of Boca Raton*, 524 U.S. 775, 789 (1998) (recognizing that harassment by supervisors is imputed to the employer).

These uncontested facts establish each element of Plaintiff's sexual harassment/discrimination claim, warranting summary judgment in Plaintiff's favor.

## V. CONCLUSION

For the foregoing reasons, Defendants' failure to respond to the substantive allegations in Plaintiff's Complaint constitutes an admission of those allegations under Federal Rule of Civil Procedure 8(b)(6). The uncontested facts establish all elements of Plaintiff's claims for wrongful termination, race discrimination, retaliation, and sexual harassment/discrimination under Title VII of the Civil Rights Act of 1964. No genuine issues of material fact remain in dispute, and Plaintiff is entitled to judgment as a matter of law on all claims.

13

WHEREFORE, Plaintiff Bryce Brown respectfully requests that this Court:

1.  Grant Plaintiff's Motion for Summary Judgment on all claims;

2.  Award Plaintiff compensatory damages in an amount to be determined at a hearing on damages;

3.  Award Plaintiff back pay and benefits from the date of discrimination until the date of judgment;

4.  Award Plaintiff front pay and benefits;

5.  Award Plaintiff punitive damages due to Defendants' willful and malicious conduct;

6.  Award Plaintiff pre-judgment and post-judgment interest;

7.  Award Plaintiff reasonable attorneys' fees and costs; and

8.  Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Bryce Brown
Plaintiff Pro Se
935 N. Wilcrest Dr. Apt. 1018
Houston, Texas 77079
Phone: (281)763-8151
Email: Brycebrown19@gmail.com

14

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been mailed in the United States mail, postage prepaid, certified, return receipt requested, to all counsel of record on this 25th day of March 2025, addressed as follows:

Daniel Coolidge
G. Mark Jodon
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.652.4739 direct
713.951.9400 main
<u>dcoolidge@littler.com</u>

ATTORNEYS FOR DEFENDANT

# Bryce W. Brown

935 N. Wilcrest Drive 1018
Houston, Texas 77079

March 25, 2025

Mr. Coolidge,

I hope this letter finds well. On March 20, 2025, we engaged in a telephone conversation during which we collaboratively addressed the 22 questions outlined for our Joint Discovery/Case Management Plan. As of March 25, I am still await the documentation you indicated you would send, which is essential for me to complete my portion and ensure that we can submit the plan by the deadline of March 28.

During our discussions concerning Joint Discovery, the only motion under consideration—upon which we both reached agreement—was your "Motion to Compel Arbitration and Stay Action." I had submitted my Opposition to this motion, and you indicated that you would prepare and submit a rebuttal to my opposition.

At the conclusion of our phone call on March 20, 2025, precisely at 10:29 AM, the only pending motion in this case was the one to which you referred. However, as of March 25, 2025, I have formally filed my "Motion for Summary Judgment" in this matter.

If you should have any questions, please advise .

With regard,

Bryce W. Brown
281-763-8151
BryceBrown19@Gmail.com