IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BRYCE BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| CHANDRESH PATEL, ET AL. § | CIVIL ACTION NO. 4:24-cv-05036 |
| § | |
| Defendant, § | |
| § | |
| G&A OUTSOURCING III LLC., DBA § | |
| ONPOINT LAB, ET AL. § | |
| § | JURY TRIAL DEMANDED |
| Defendant. § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)
## FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Bryce Brown ("Plaintiff") and Defendants G&A Outsourcing III, LLC ("G&A"), OnPoint Lab L.L.C. ("OnPoint"), and Chandresh Patel ("Patel") ("Defendants")[1] (collectively, the "Parties") submit this Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure as follows:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   The Parties conducted the Rule 26(f) Conference via telephone on March 20, 2025. In attendance were *Pro Se* Plaintiff Bryce Brown and Daniel Coolidge, counsel for Defendants.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

---

[1] Plaintiff erroneously named the legal entities in this case as "G&A Outsourcing III LLC., DBA OnPoint Lab, et al." Plaintiff refers to two separate entities: (i) G&A Outsourcing III, LLC, and (ii) OnPoint Lab, L.L.C. The undersigned counsel represent both legal entities, along with individual defendant Chandresh Patel.

3. **Briefly** describe what this case is about.

   **Defendants' Statement:** This is an employment sex and race-based discrimination and retaliation case under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff alleges wrongful termination of his employment.

   Plaintiff claims that he alleges a sexual harassment claim under Title VII in his Complaint. Defendants deny Plaintiff has asserted a claim for sexual harassment under Title VII.

   Defendants deny Plaintiff's claims, including specifically denying that they discriminated against Plaintiff based on his race and/or sex, subjected him to harassment, and/or retaliated against him. Defendants asserts that Plaintiff's claims are meritless and should be dismissed.

   **Plaintiff's Statement:** This is a case that is based on wrongful termination, race discrimination, retaliation, and sexual harassment/discrimination under Title VII of the Civil Rights Act of 1964.

   Defendants' failure to respond to the substantive allegations in Plaintiffs Complaint constitutes an admission of those allegations under Federal Rule of Civil Procedure 56 8(b)(6). A motion to compel arbitration does not constitute a responsive pleading that denies the substantive allegations of a complaint. See Bechtel Corp. v. Local 215, Laborers Union, 544 F.2d 1207, 1213 (3d Cir. 1976) (holding that motions are not responsive pleadings within the meaning of the Federal Rules of Civil Procedure); see also Fed. R. Civ. P. 7(a) (defining the pleadings allowed in federal court, which does not include motions).

   The uncontested facts establish all elements of Plaintiff claims for wrongful termination, race discrimination, retaliation, and sexual harassment/discrimination under Title VII of the Civil Rights Act of 1964. No genuine issues of material fact remain in dispute, and Plaintiff is entitled to judgment as a matter of law on all claims.

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims are brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981 ("Section 1981").

5. **Name the parties who disagree and the reasons.**

   None.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

7.  **List anticipated interventions.**

    None.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    The Parties have agreed to exchange initial disclosures by April 7, 2025.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        (1) **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.**

        The Parties do not believe that any changes in the form or requirement for disclosures under Rule 26(a) should be made. The Parties anticipate completing their initial disclosures by April 7, 2025.

        (2) **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon issues.**

        **Defendants:** The Parties reached an impasse at to the discovery deadline. Plaintiff proposed a discovery deadline of August 25, 2025. Defendants disagreed and proposed a discovery deadline of January 30, 2026.

        Discovery will be needed on all issues relevant to Plaintiff's claims and damages, as well as all issues related to Defendants' defenses.

        The Parties do not believe that discovery needs to be conducted in phases or be limited to or focused on particular issues.

        **Plaintiff:** Plaintiff believes that discovery needs to be conducted to focus on particular issues.

        (3) **Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

3

To the extent that electronic information is relevant, available, or becomes necessary, the parties agree that any such production of documents may be in hard copy, PDF, word format, or tiff images. If a party determines that production in a format other than hard copy, PDF, word format, or tiff images is reasonably necessary then the Parties agree to confer in good faith to address requests for production in an agreeable, alternative format.

Should electronically stored information ("ESI") be sought, the Parties may confer on search terms reasonably necessary to locate ESI likely to contain discoverable information and shall try to reach agreement on appropriate search terms before any query is performed. If search terms used to locate ESI are likely to contain discoverable information, a requesting party must show good cause or have the agreement of the other party before it may request additional terms or queries.

In accordance with Rules 26(b)(2)(B) and (C)(i), the parties agree that they are not required to provide discovery of ESI from sources that are not reasonably accessible because of undue burden and cost, particularly when there may be a less expensive or more convenient source to obtain the ESI, if any at all.

Plaintiff requested service of all documents via certified mail, return receipt requested, to 935 N. Wilcrest Dr., Apt. 1018 Houston, Texas 77079. Defendants agree to service by email under Federal Rule of Civil Procedure 5(b)(2)(E) provided that Plaintiff serves documents to the following addresses: G. Mark Jodon (mjodon@littler.com); Daniel Coolidge (dcoolidge@littler.com); Tammy Owens (towens@littler.com); Liz Juarez (lgjuarez@littler.com) and any other attorney who appears as attorney of record on behalf of Defendants, or by certified mail, return receipt requested, to Attn: Daniel Coolidge, Littler Mendelson, P.C., 1301 McKinney St., Suite 1900, Houston, Texas 77010. .

**(4) Any issues about claims or privileges or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order.**

The Parties will assert any claims of privilege in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Parties agree that if privileged or work product documents are inadvertently produced, such inadvertent production will not waive or destroy the privilege or work product protection. If a party inadvertently produces a document (including any copies of the inadvertently produced document that it may have made before notification), the producing party will seek its return. If the document is in an electronic form, the producing party will seek for the receiving party to permanently delete the document. The Parties

4

respectfully request that the Court incorporate this agreement into its scheduling order. The Parties have agreed to submit to the Court an Order pursuant to Federal Rule of Evidence 502(d). The Parties are not aware of any other issues relating to claims of privilege or protection at this time.

(5) **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties do not believe that discovery needs to be subject to limits other than those imposed by the applicable federal and local rules.

(6) **Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

**Defendants:** In addition to the agreement provided in ¶ 10(A)(4) above, Defendants will agree to a proposed protective order regarding confidential business and personnel documents and information for submission to the Court, if necessary.

**Plaintiff:** Plaintiff respectfully contests the defendant's assertion that the parties should establish a protective order regarding the confidential business and personnel documents and information to be submitted to the court. The plaintiff believes that there are no justifiable reasons for concealing this information, as there is no priority unlawful information being released in this matter.

Furthermore, this issue was not addressed in the form to which we previously consented. The defendant had indicated that he was utilizing several different joint discovery forms on March 20, 2025.

B. **When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates sending interrogatories to Defendants before the discovery deadline.

C. **When and to whom defendants anticipate they may send interrogatories.**

Defendants anticipate sending interrogatories to Plaintiff before the discovery deadline.

D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

**Defendants:** Plaintiff does not intend to take any depositions.

**Plaintiff:** Plaintiff does not intend to take any depositions to the opposing party.

E. **Of whom and by when the defendants anticipate taking oral depositions.**

Defendants will take Plaintiff's deposition before other oral depositions in this case, anticipating that this deposition will be scheduled after Plaintiff provides responses to Defendants' written discovery requests and after Defendants receive relevant third-party records. Defendants then anticipate taking the depositions of any third-party fact witnesses prior to the discovery deadline.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates it will designate responsive experts and provide expert reports upon the deadline to do so as set by the Court's scheduling order. Defendants anticipate they will designate responsive experts and provide expert reports within 45 days after Plaintiff's expert designation deadline.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff does not intend to take an expert witness deposition.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Parties anticipate completing any applicable expert witness depositions prior to the discovery deadline.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff believes discovery can reasonably be completed by August 25, 2025.

Defendants believe discovery cannot reasonably be completed until at least January 30, 2026.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

Plaintiff believes discovery may be completed by August 25, 2025. Defendants disagree, and believe discovery may be reasonably completed by January 30, 2026.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The Parties anticipate engaging in periodic discussions regarding the possibility of negotiating a settlement between counsel and/or participating in mediation.

15. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    If the Parties are unable to resolve this case between counsel, mediation may be effective.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The Parties have not jointly consented to a trial before a magistrate judge.

17. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff has made a timely jury demand.

18. **Specify the number of hours it will take to present the evidence in this case.**

    The Parties estimate that it will take approximately 40 hours (or approximately 5-6 days) to present the evidence in this case. The Parties may amend this estimate later in the discovery process if the facts indicate additional or less time is necessary.

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **Defendants:** Defendants filed a Motion to Compel Arbitration on February 25, 2025. *See* Doc. 11. Plaintiff filed a Response titled "The Plaintiff's Opposition to the Defendant's Motion to Compel Arbitration" (Doc. 14), and Defendants filed a Reply in Support of its Motion to Compel Arbitration and Stay Action (Doc. 15).

    **Plaintiff:** Defendants filed a Motion to Compel Arbitration on February 25, 2025. See (Doc. 11). Plaintiff filed a Response titled & quot; The Plaintiff Opposition to the Defendant Motion to Compel Arbitration & quot; (Doc. 14), and Defendants filed a Reply in Support of its Motion to Compel Arbitration and Stay Action (Doc.15). Plaintiff at the time of the Joint Discovery/Case Management plan conference held March 20, 2025 had not entered Motion Plaintiff's for Summary Judgment. Rule 56 of the Federal Rules of Civil Procedure but on March 25, 2025 Plaintiff made said Motion.

20. List other motions pending.

    **Defendants:** Plaintiff filed a premature Motion for Summary Judgment on March 25, 2025. *See* Doc. 16.

**Plaintiff:** Motion for Summary Judgment was made for the foregoing reasons, Defendants' failure to respond to the substantive allegations in the Plaintiff's Complaint which constitutes an admission of those allegations under Federal Rule of Civil 56.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    **Defendants:** Plaintiff is proceeding pro se.

    Plaintiff erroneously named the legal entities in this case as "G&A Outsourcing III LLC., DBA OnPoint Lab, et al." Plaintiff refers to two separate entities: (i) G&A Outsourcing III, LLC, and (ii) OnPoint Lab, L.L.C. Defendants will ask the court to correct the case caption to reflect the correct entity names of the Defendants.

    The Court's Order for Conference and Disclosure of Interested Parties (Doc. 8) lists only Chandresh Patel and G&A Outsourcing III, LLC in the case caption as Defendants, excluding OnPoint Lab, L.L.C. The Parties would like to clarify that the Defendants in this case are (i) G&A Outsourcing III, LLC, (ii) OnPoint Lab, L.L.C., and (iii) Chandresh Patel.

    **Plaintiff:** Before the submission of the Certificate of Interested Parties, the parties listed were identified using incorrect names in connection with this case. Subsequent to receiving the "Order for Conference and Disclosure of Interested Parties," which was issued by the Court on February 5, 2025, the Plaintiff has since filed a Motion to Amend to reflect the correct names of all involved parties.

22. **List the names, bar numbers, addresses and telephone numbers of all counsel.**

    *Pro Se* Plaintiff:

    Bryce Brown
    935 N. Wilcrest Dr., Apt. 1018
    Houston, Texas 77079
    Phone: (281) 763-8151

    Counsel for Defendants:

    G. Mark Jodon (Attorney-in-Charge)
    State Bar No. 6052
    Federal I.D. No. 6052
    Daniel Coolidge
    State Bar No. 24113693
    Federal I.D. No. 3665857
    LITTLER MENDELSON, P.C.
    1301 McKinney Street, Suite 1900
    Houston, Texas 77010
    Telephone:   713.951.9400
    Facsimile:   713.951.9212

8

Dated: March 28, 2025

/s/ Bryce Brown
Bryce Brown
935 N. Wilcrest Dr., Apt. 1018
Houston, Texas 77079
Phone: (281) 763-8151
Brycebrown19@gmail.com

**PRO SE PLAINTIFF**

Respectfully submitted,

/s/ G. Mark Jodon
G. Mark Jodon *(Attorney-in-Charge)*
State Bar No. 6052
Federal I.D. No. 6052
mjodon@littler.com
Daniel Coolidge
State Bar No. 24113693
Federal I.D. No. 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

**ATTORNEYS FOR DEFENDANTS G&A OUTSOURCING III LLC DBA ONPOINT LAB, ET AL CHANDRESH PATEL**