# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **BRYCE BROWN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| **CHANDRESH PATEL, ET AL.** | § | **CIVIL ACTION NO. 4:24-cv-05036** |
| | § | |
| Defendant, | § | |
| | § | |
| **G&A OUTSOURCING III LLC., DBA** | § | |
| **ONPOINT LAB, ET AL.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendant. | § | |

## <u>DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

Dated: April 14, 2025

*Of Counsel:*

Daniel Coolidge
State Bar No. 24113693
Federal I.D. No. 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   713.951.9400
Facsimile:   713.951.9212

Respectfully submitted,

*/s/ G. Mark Jodon*
G. Mark Jodon *(Attorney-in-Charge)*
State Bar No. 6052
Federal I.D. No. 6052
mjodon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   713.951.9400
Facsimile:   713.951.9212

**ATTORNEYS FOR DEFENDANTS
G&A OUTSOURCING III, LLC, ONPOINT
LAB, L.L.C., AND CHANDRESH PATEL**

Defendants G&A Outsourcing III, LLC ("G&A"), OnPoint Lab L.L.C. ("OnPoint Lab"), and Chandresh Patel ("Patel") (collectively, "Defendants")[1] hereby file this Response to Plaintiff's Motion for Summary Judgment (Doc. 16).

### RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**A.   Nature and Stage of the Proceedings.**

This is an employment discrimination and retaliation case under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981"). Plaintiff is *pro se*, and filed his complaint against Defendants on December 20, 2024. *See* Dkt. 1, Pl.'s Compl. After Plaintiff amended his complaint (Dkt. 4), Defendants moved to compel arbitration on February 25, 2025, based on the Arbitration Agreement Plaintiff signed during his employment with OnPoint Lab. *See* Dkt. 11.

On March 25, 2025, Plaintiff filed a premature Motion for Summary Judgment (Dkt. 16), the same day Defendants filed its Reply in Support of its Motion to Compel Arbitration and Stay Action (Dkt. 15), and more than two weeks before the Initial Conference setting in this case (*see* Dkt. 8, setting the Initial Conference for April 11, 2025). The Court has not yet issued a ruling on Defendants' Motion to Compel Arbitration and has not yet entered a scheduling order with discovery or dispositive motion deadlines.

On Friday, April 11, 2025, the Court held an initial conference, during which the Court acknowledged its intention to recommend that Defendants' Motion to Compel Arbitration be granted and then stayed all discovery until the resolution of the Motion to Compel Arbitration.

---

[1] Plaintiff erroneously named the legal entities in this case as "G&A Outsourcing III LLC., DBA OnPoint Lab, et al." Plaintiff refers to two separate entities: (i) G&A Outsourcing III, LLC, and (ii) OnPoint Lab, L.L.C. The undersigned counsel represent both legal entities, along with individual defendant Chandresh Patel.

1

Defendants file this Response to comply with the Court's current deadlines before the resolution of the Motion to Compel Arbitration.

**B.     Summary of the Response.**

The Fifth Circuit has repeatedly admonished that a plaintiff's pro-se status "offers [him] no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986); *Anderson v. Wells Fargo Bank, N.A.*, 952 F.3d 311, 315 (5th Cir. 2020). Plaintiff's Motion for Summary Judgment is just the type of frivolous behavior that the Fifth Circuit seeks to prevent, and is an improper and premature attempt to secure a favorable outcome in his lawsuit. First, contrary to Plaintiff's assertion, Defendants' filing of their Motion to Compel Arbitration and Stay Action in lieu of filing an Answer is procedurally proper. This argument is sufficient to defeat his Motion for Summary Judgment alone. Second, summary judgment is premature because the Parties have not yet engaged in any discovery—indeed, the Court has yet to issue a scheduling order setting discovery deadlines. Third, Plaintiff's Motion relies *solely* on his own personal, subjective beliefs that he was subject to discrimination and/or retaliation, which is insufficient to establish his entitlement to summary judgment.

Plaintiff's antics and misunderstanding of procedure continue to unnecessarily drive-up Defendants' legal expenses and waste Defendants' time in responding to his premature and nonsensical pleadings and motions. As explained below, and as Defendants pointed out in their Reply in Support of the Motion to Compel Arbitration (Dkt. 15), Plaintiff continues to cite to non-existent caselaw to support his arguments in flagrant violation of his ethical obligations before this Court.

For these reasons, Defendants respectfully request the Court to deny Plaintiff's Motion for Summary Judgment, and grant their request to compel arbitration.

### C. Defendants Properly Filed a Motion to Compel Arbitration in Lieu of a Formal Answer.

Plaintiff premises his entire theory of summary judgment on the idea that Defendants' filing of the Motion to Compel Arbitration instead of an Answer to his Complaint was improper, and automatically grants him a default judgment because Defendants have not yet opposed his claims. *See* Dkt. 16, Pl.'s Mtn. at pp. 1-2, 3-6. Plaintiff is incorrect. Defendants may file a Motion to Compel Arbitration in lieu of an Answer. *See, e.g.*, *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 83 (2000) ("In lieu of an answer, petitioners filed a motion to compel arbitration, to stay the action…."); *Lamkin v. Morinda Properties Weight Parcel, LLC*, 440 F. App'x 604, 607 (10th Cir. 2011) ("[a] defendant in a pending lawsuit may file a petition or motion to compel arbitration in lieu of an answer to the complaint…as procedural summaries in arbitration cases uncontroversially reflect."). Additionally, Defendants' Motion to Compel Arbitration requests this Court to stay all proceedings pending the resolution of arbitration. *See* Dkt. 11. As the Tenth Circuit explains, "requiring a party to file an answer denying material allegations in the complaint and asserting potential affirmative defenses—in short, formally and substantively *engaging in the merits of litigation*—in order to enforce its right *not to litigate* is a non-sequitur." *Lamkin*, 440 F. App'x at 608. Therefore, Defendants' filing of the Motion to Compel Arbitration in lieu of an Answer is procedurally proper.

Plaintiff attempts to support his arguments by asserting cases that do not stand for the proposition for which he asserts them.[2] For example, Plaintiff cites to *Betchel Corp. v. Local 215,*

---

[2] Defendants' Reply in Support of Motion to Compel Arbitration and Stay Action (Doc. 15) noticed the Court that Plaintiff is using caselaw that either does not exist or does not stand for the proposition for which Plaintiff asserts it. In Plaintiff's Opposition to Defendants' Motion to Compel Arbitration (Doc. 14), Plaintiff included citations to *five*

3

*Laborers' Int'l Union*, 544 F.2d 1207, 1213 (3d. Cir. 1976), to support the proposition that motions are not responsive pleadings under the Federal Rules of Civil Procedure, but *nowhere* in the *Betchel* opinion does the Third Circuit write this. In another example, Plaintiff cites to *Servicios Azucareros de Venezeula, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012), for the proposition that "undenied allegations in a complaint are deemed admitted." Again, *nowhere* in this opinion does the Fifth Circuit write this – in fact, the Fifth Circuit held the *opposite*. *Id.* The Fifth Circuit found that the plaintiff failed to adequately brief the issue of whether the defendant had standing, and then reversed the district court for dismissing the plaintiff's complaint based on a failure to oppose the defendant's motion to dismiss. *Id.* at 806.

Therefore, Defendants' filing of its Motion to Compel Arbitration in lieu of an Answer was proper, and Plaintiff does not include any relevant caselaw to support his argument that it was not. Because Defendants' filing of their Motion to Compel Arbitration in lieu of an Answer is procedurally proper, Plaintiff's contention that he is entitled to a default judgment is wrong, and therefore Defendants' first argument above is conclusive. The Court need not decide the remaining arguments, but Defendants have included them below to fully brief their defenses.

### D. Plaintiff's Motion for Summary Judgment is Premature Because the Parties Have Not Yet Engaged in Any Discovery.

Federal Rule of Civil Procedure 56 provides in relevant part, that the Court may defer consideration of a party's motion for summary judgment or deny it, allow a party time to obtain affidavits or declarations or to conduct discovery, or issue any other appropriate order upon a

---

non-existent cases, and improperly cited at least three more. *See* Defendants' Reply (Doc. 15) at p. 1. Here, Plaintiff continues to misrepresent case citations. Defendants ask the Court to remind Plaintiff of his ethical obligations. *See, e.g., Gauthier v. Goodyear Tire & Rubber Co.*, No. 1:23-cv-00281, 2024 WL 4882651 (E.D. Tex. Nov. 25, 2024) (ordering sanctions on attorney who used artificial intelligence to draft motion with citations to non-existent cases).

4

motion by the responding party that outlines the non-movant's inability to present facts essential to justify its opposition. Fed. R. Civ. P. 56(d).

Plaintiff improperly files his Motion for Summary Judgment before the Parties have engaged in *any* discovery efforts, aside from serving Initial Disclosures on April 7, 2025. Indeed, "[s]ummary judgment is appropriate only where the [non-movant] has had a full opportunity to conduct discovery." *Bailey v. KS Mgmt. Servs., LLC*, 35 F.4th 397, 401 (5th Cir. 2022) (citing *McCoy v. Energy XXI GOM, LLC*, 695 F. App'x 750, 758–59 (5th Cir. 2017)). "Rule 56(d) permits further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Id.* The Fifth Circuit generally assesses whether the evidence sought to be obtained in the course of discovery would affect the outcome of the motion for summary judgment. *Id.*

In Plaintiff's premature motion for summary judgment, he argues that the Defendants discriminated against him on the basis of his race and sex and retaliated against him in violation of Section 1981 and Title VII. *See* Dkt. 16, Pl.'s Mtn. at p. 2.[3] In connection with his motion, Plaintiff includes allegations of how he believes he experienced discrimination and retaliation, including, but not limited to, that (i) he was not supplied with adequate tools to do his job, (ii) he was forced to use old or outdated marketing materials, while white co-workers received current and appropriate marketing materials, (iii) he was moved from salary to hourly pay without notice, (iv) was denied resources to do his job, (v) Defendant Patel made inappropriate personal inquiries

---

[3] Plaintiff also asserts that he has pled a sexual harassment claim. This is not true, as his amended complaint only includes a claim for Title VII sex (gender) discrimination—not sexual harassment. *See* Dkt. 4, Pl.'s Am. Compl. at ¶¶ 41-44; *see also Friel v. Mnuchin*, 474 F. Supp. 3d 673, 692 (E.D. Pa. 2020) ("Sex discrimination is discriminating against someone because of his or her sex, while sexual harassment is unwelcome sexual advances or other verbal or physical contact of a sexual nature.").

into Plaintiff's marital status, (vi) he was terminated without prior verbal or written warnings. *See* Dkt. 16, Pl.'s Mtn. at pp. 3-4.

Indeed, Defendants have not yet engaged in any discovery because the Court has not yet entered a scheduling order reflecting discovery deadlines. Defendants need to engage in discovery to identify the factual basis of all of his claims, and this lack of discovery thusfar prevents Defendants from adequately opposing Plaintiff's motion for summary judgment. *See Bailey*, 35 F.4th at 401.

To prevail on his discrimination claim, Plaintiff must establish a *prima facie* case by showing that (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) he was replaced by someone outside of his protected class, or was treated less favorably than other similarly situated employees outside his class. *Haire v. Bd. of Sup'rs of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). To prove his retaliation claim, Plaintiff must establish a *prima facie* case by showing (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *Saketkoo v. Admins. of Tulane Educ. Fund*, 31 F.4th 900, 1000 (5th Cir. 2022). If Plaintiff can do so, "the burden of production shifts to the employer to provide a legitimate, non-discriminatory [and non-retaliatory] reason for the action." *Id*; *Haire* at 362-63. If the employer meets its burden of production, then "the burden shifts back to the plaintiff, who can attempt to show that the defendant's proffered reason is simply a pretext for discrimination" or retaliation. *Haire* at 636; *Saketkoo* at 1000.

To the extent Plaintiff has articulated a *prima facie* case of discrimination or retaliation in his motion (he does not), the Defendants require discovery to fully assess the factual

6

representations underlying the specific facts by which Plaintiff has done so. For instance, to establish that he was subject to an adverse employment action, Plaintiff will need to establish, among other things, that not being supplied adequate tools or resources, or being forced to use outdated marketing materials, constituted "some harm respecting an identifiable term or condition of [his] employment." *Muldrow v. City of St. Louis, Mo.,* 601 U.S. 346, 355 (2024). Similarly, to the extent Plaintiff has identified others outside of his protected class who were treated less favorably (he has not yet), Defendants would need discovery to fully assess Plaintiff's contention that those individuals were treated less favorably under "nearly identical circumstances." An employee who proffers a fellow employee as a comparator must demonstrate that the employment actions at issue were taken "under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Furthermore, Defendants are entitled to take Plaintiff's deposition to gather testimony on his experience with the job, as well as evidence respecting other employees' experience, to show that there is a genuine issue of material fact on the adverse employment action element, among other elements of his claim.

Moreover, it would be Plaintiff's ultimate burden to show that Defendants' stated legitimate, non-discriminatory and non-retaliatory reasons are a pretext for unlawful discrimination and/or retaliation. *See Haire*, 719 F.3d at 363; *Saketkoo*, 31 F.4th at 1000. Discovery is necessary so that Defendants can obtain and fully assess the underlying factual basis for Plaintiff's ultimate contention that Defendants' stated reason is nothing more than a pretext for unlawful discrimination.

### E. Plaintiff Fails to Include Any Evidence, and His Subjective, Personal Belief is Insufficient to Establish Summary Judgment.

Plaintiff's Motion for Summary Judgment is devoid of *any* evidence to support his claims. His motion merely offers his own subjective, personal belief that he experienced discrimination

and retaliation, which are insufficient to meet his summary judgment burden in establishing that no genuine issue of material fact exists as to each of his claims. *See Grimes v. Texas Dep't of MHMR*, 102 F.3d 137, 139-41 (5th Cir. 1996) (conclusory allegations, unsubstantiated assertions, and subjective beliefs were insufficient to support an employment discrimination claim); *Nichols v. Grocer*, 138 F.3d 563, 570 (5th Cir. 1998) ("[A] subjective belief of discrimination, however genuine [cannot] be the basis of judicial relief.") (quoting Little v. Republic Refining Co., 924 F.2d 93, 95 (5th Cir. 1991)); *McKey v. Occidental Chem. Corp.*, 956 F. Supp. 1313, 1319 (S.D. Tex. 1997) ("Speculation and belief are insufficient to create a fact issue as to pretext."). Plaintiff's Motion for Summary Judgment should be denied.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Plaintiff's Motion for Summary Judgment, grant their Motion to Compel Arbitration and Stay Action, enter an Order compelling arbitration of Plaintiff's claims, and staying the case, pending the outcome. Alternatively, if the Court disagrees with Defendants' arguments herein, Defendants respectfully request leave to file an Answer and Affirmative and Other Defenses to Plaintiff's Amended Complaint.

Dated: April 14, 2025

*Of Counsel:*

Daniel Coolidge
State Bar No. 24113693
Federal I.D. No. 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

Respectfully submitted,

*/s/ G. Mark Jodon*

G. Mark Jodon *(Attorney-in-Charge)*
State Bar No. 6052
Federal I.D. No. 6052
mjodon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: 713.951.9400
Facsimile: 713.951.9212

**ATTORNEYS FOR DEFENDANTS G&A OUTSOURCING III, LLC, ONPOINT LAB, L.L.C., AND CHANDRESH PATEL**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, a copy of the foregoing document has been electronically filed with the Court, and served on the following by mail:

Bryce Brown
935 N. Wilcrest Dr., Apt. 1018
Houston, Texas 77079
Brycebrown19@gmail.com

*Pro Se Plaintiff*

*/s/ G. Mark Jodon*
G. Mark Jodon

9