United States District Court
Southern District of Texas

**ENTERED**

April 22, 2025

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



Bryce Brown,

§
§
§
§

*Plaintiff,*

§
§

Civil Action No. 4:24-cv-05036

§

v.

§
§
§

Chandresh   Patel,   and   G&A
Outsourcing III LLC d/b/a Onpoint
Lab,[1]

§
§
§
§

*Defendants.*

§
§

## MEMORANDUM AND ORDER
## ON MOTION TO COMPEL ARBITRATION
## AND RECOMMENDATION ON SUMMARY JUDGMENT MOTION

This is an employment dispute.  Plaintiff Bryce Brown sued Defendants

G&A Outsourcing III, LLC, OnPoint Lab L.L.C., and Chandresh Patel

("Defendants") for race and sex discrimination and retaliation allegedly

experienced during Brown's employment with G&A Outsourcing, a

Professional Employee Organization for OnPoint Lab.  *See* Dkt. 1, 4 (amended

complaint).  Defendants filed a motion to compel arbitration and stay the case.

Dkt. 11.  After carefully considering the motion, *id.*, Brown's response, Dkt. 14,

Defendants' reply, Dkt. 15, the record, and the applicable law, the Court grants

---

[1] According to Defendants, Plaintiff has incorrectly identified OnPoint Lab as the
"d/b/a" of Outsourcing III, LLC, when they are in fact two separate entities.  Dkt. 6
at 1.  That issue is immaterial to the Court's analysis.

Defendants' motion to compel arbitration.[2]    Based on that conclusion, the

undersigned further recommends that Brown's pending motion for summary

judgment (Dkt. 16) be denied as moot.

## Background

Brown filed this suit on December 20, 2024.  Dkt. 1.  His amended

complaint raised race and sex discrimination and retaliation claims under

Section 1981 of the Civil Rights Act of 1866 and Title VII of the Civil Rights

Act of 1964.  Dkt. 4 at 6-10.  Defendants moved to compel arbitration and stay

the case, Dkt. 11, to which Brown responded, Dkt. 14, and Defendants replied,

Dkt. 15.  Brown also filed a motion for summary judgment, Dkt. 16, to which

Defendants have not responded.  The motions are ripe for resolution.

## Legal Standard

Section 2 of the Federal Arbitration Act ("FAA") states that written

provisions to arbitrate particular disputes arising out of the contract "shall be

valid, irrevocable, and enforceable, save upon such grounds as exist at law or

in equity for the revocation of any contract."  9 U.S.C. § 2.  "A party seeking to

compel arbitration must first show that a valid arbitration agreement exists

---

[2] A motion to compel arbitration is a non-dispositive matter that a magistrate judge can resolve by order.  *See Glob. Indus. Contractors, LLC v. Red Eagle Pipeline, LLC*, 617 F. Supp. 3d 633, 636 (S.D. Tex. 2022) (following the First and Third Circuits' approach); *see also, e.g., Herod v. DMS Sols. Inc.*, 2024 WL 4881439, at *1 n.2 (S.D. Tex. Nov. 25, 2024) (same).

Case 4:24-cv-05036   Document 21   Filed on 04/22/25 in TXSD   Page 3 of 9

between the parties, a determination governed by traditional state contract principles." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019) (quoting *Jody James Farms, JV v. Altman Grp., Inc.,* 547 S.W.3d 624, 631 (Tex. 2018)). The Court determines whether an agreement exists "based on the parties' intent as expressed in the terms of the contract." *Id.* (citing *Chrysler Ins. Co. v. Greenspoint Dodge of Hous., Inc.*, 297 S.W.3d 248, 252 (Tex. 2009)).

## Analysis

Defendants seek to enforce an arbitration agreement that covers "all disputes related to Plaintiff's employment" and "gateway issues of arbitrability." Dkt. 11 at 1-2, 7-11. Brown responds that the arbitration agreement is not enforceable due to substantive unconscionability, Dkt. 14 at 4, procedural unconscionability, *id.* at 13-18, prohibitive costs, *id.* at 5-8, and the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), *id.* at 8-13. In reply, Defendants invoke case law indicating that Brown's arguments against the agreement's enforceability are reserved for the arbitrator. Dkt. 15 at 8-9, 11. They also argue that the EFAA does not apply to Brown's sex discrimination claim. *Id.* at 16-17.[3]

---

[3] Defendants note that Brown's brief cited five nonexistent cases and misrepresented three others. *See* Dkt. 15 at 1 n.2; *see, e.g.*, Dkt. 14 at 4 (Brown claiming that *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 478 n.14 (5th Cir. 2003), "cited approvingly" *Shankle v. B-G Maint. Mgmt. of Colo. Inc.*, 163 F.3d 1230, 1234 (10th Cir. 1999), and "recognized that" cost-splitting, confidential requirements, and limitations on discovery "can

## I.   <u>The arbitration agreement and delegation clause are valid.</u>

Brown does not dispute that the agreement contains an arbitration
provision or that he signed it.   *See* Dkt. 15 at 8; Dkt. 11-5 (Arbitration
Agreement); Dkt. 11-6 (Brown's signature page).   The agreement provides that
the parties

> agree to utilize binding arbitration as the sole and exclusive means
> to resolve all covered disputes that may arise by and between
> Employee and the Company and/or Employee and PEO, including
> but not limited to disputes regarding the application and selection
> process, the employment relationship, termination of employment,
> and compensation….   This Agreement is governed by the Federal
> Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA").   All disputes covered
> by this Agreement will be decided by a single arbitrator through
> final and binding arbitration and not by way of court or jury trial.

Dkt. 11-5 at 2.   The arbitration clause is valid and binds the parties.

Similarly, Brown does not dispute the validity of the clause that states
explicitly that disputes over the agreement's enforceability are reserved for the
arbitrator.   As the agreement states,

> The arbitrator—and not any federal, state, or local court or
> agency—will have exclusive authority to resolve any dispute

---

render an arbitration agreement substantively unconscionable, when the Fifth
Circuit's opinion does not reference *Shankle* nor address any aspect of
unconscionability); *id.* (Brown asserting that *Circuit City Stores, Inc. v. Adams*, 532
U.S. 105, 123 (2001), "acknowledged that 'inequality of bargaining power between
employers and employees' is a significant consideration in evaluating enforcement of
arbitration agreements, when the cited passage actually marshaled the "real benefits
to the enforcement of arbitration agreements" in the employment context).   The Court
cautions Mr. Brown that even parties without counsel must carefully review their
filings and ensure that they are supported by existing law, based on a reasonable
inquiry.   *See* Fed. R. Civ. P. 11(b).   Misstating case law falls short of that standard.

relating to the scope, applicability, validity, enforceability, or waiver of this Agreement.

Dkt. 11-5 at 2; *see also* Dkt. 11 at 10-11; Dkt. 15 at 9-11.

Federal law permits parties to "delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 69 (2019) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The arbitration agreement does just that by granting the arbitrator "exclusive authority to resolve any dispute relating to the ... enforceability" of the agreement. *See* Dkt. 11-5 at 2.

In addition, a provision "stipulating that the AAA Rules will govern the arbitration of disputes constitutes such 'clear and unmistakable' evidence." *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 552 (5th Cir. 2018) (citing *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674-75 (5th Cir. 2012)). And here, the agreement clearly and unmistakably delegates arbitrability questions to the arbitrator by invoking the AAA rules. *See* Dkt. 11-5 at 3 (stating that, "except as provided in this Agreement or otherwise agreed to," the arbitration "will be under the then current Employment Arbitration Rules of the AAA").

As Defendants note, the agreement's multiple delegation clauses preclude Brown from using his unconscionability challenges to avoid

arbitration.    When determining if arbitration can be compelled, courts "distinguish between 'validity' or 'enforceability' challenges and 'formation' or 'existence' challenges.  *Arnold*, 890 F.3d at 550.  Courts look to state law to determine whether a challenge goes to validity or existence of a contract.  *See Lopez v. Cintas Corp.*, 47 F.4th 428, 433 (5th Cir. 2022) (citing *Edwards v. DoorDash, Inc.*, 888 F.3d 738, 745 (5th Cir. 2018)).  "Under Texas law, unconscionability goes to validity rather than formation." *Id.* (citing *In re Poly-America, L.P.*, 262 S.W.3d 337, 348 (Tex. 2008) (vacating a district court decision for resolving the merits of plaintiff's unconscionability claim, finding that it must be decided in arbitration)).  Brown's unconscionability contentions therefore dispute the validity of the arbitration agreement, and not the agreement's existence.[4]  This is doubly so because Brown did not mount any challenges "specific to the delegation provision ...." *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 71-76 (2010) (rejecting analogous unconscionability challenge that sought to invalidate the agreement as a whole, where the agreement vested the arbitrator with exclusive authority to resolve questions

---

[4] Notably, too, Brown is wrong about the costs attendant to arbitration.  *See* Dkt. 14 at 5-6.  Under the arbitration agreement, Brown is only responsible for paying the initial filing fee and his own costs.  *See* Dkt. 11-5 at 4.  All other costs, including for the arbitrator, are borne by his employer.  *See id.* ("G&A Partners (and/or the Company, as applicable) shall pay any remaining portion of the initial fee and will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees.").

of enforceability).    Because Brown has proffered no argument that would negate the arbitration agreement's delegation clauses, his challenges to the agreement's enforceability must be resolved by the arbitrator.

## II.    The EFAA does not apply to Brown's claims.

Brown also contends that the EFAA precludes arbitration.  *See* Dkt. 14 at 8-9.  But as Defendants assert, the EFAA does not apply because Brown does not allege sexual harassment or assault.  *See* Dkt. 15 at 16-17.

After finding a valid arbitration agreement, the Court must determine whether any federal statute or policy renders the claims non-arbitrable.  *See JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). The EFAA states that "no predispute arbitration agreement ... shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the *sexual assault dispute or the sexual harassment dispute.*"   9 U.S.C. § 402(a) (emphasis added).   Brown acknowledges this explicit limitation.  Dkt. 14 at 9.

Brown tries to recast his discrimination claim as a sexual harassment claim.  *See id.*  But Defendants contend, and the Court agrees, that Brown has not   alleged   any   conduct   constituting   sexual   harassment—only   sex discrimination.  *See* Dkt. 15 at 16-17; *see also, e.g., Campos v. Ins. & Bonds Agency of Tex., LLC,* 2013 WL 321865, at *6 (W.D. Tex. Jan. 28, 2013) (sex-based   harassment   constitutes   sex   discrimination,   but   the   reverse   is   not

necessarily true); *Pepe v. N.Y. Life Ins. Co.,* 2023 WL 1814879, at \*4 & n.19 (E.D. La. Feb. 7, 2023) (EFAA did not apply to pro se plaintiff's liberally-construed complaint, which did not raise a claim for sexual harassment). Brown's further policy arguments are irrelevant because EFAA does not apply to his claims. *See* Dkt. 14 at 11.

The proper remedy is to grant Defendants' motion to compel arbitration and to stay this case pending arbitration. *See Smith v. Spizzirri,* 601 U.S. 472, 475-76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."). And because the arbitrator must decide whether the arbitration agreement is enforceable, and if so, whether Brown's claims have merit, Brown's motion for summary judgment should be denied as moot.

### Order and Recommendation

For the foregoing reasons, it is **ORDERED** that Defendants G&A Outsourcing III, LLC, OnPoint Lab L.L.C., and Chandresh Patel's motion to compel arbitration and stay the case (Dkt. 11) be **GRANTED**. This dispute must be submitted to arbitration. These proceedings are hereby **STAYED** pending arbitration.

It is further **RECOMMENDED** that Plaintiff Bryce Brown's motion for summary judgment (Dkt. 16) be **DENIED** as moot.

If the Court adopts the recommendation, then it is further **RECOMMENDED** that that this case be administratively **CLOSED**. <u>Within 30 days of completing the arbitration process, the parties should be directed to notify this Court as to whether this case should be reopened or dismissed</u>.

**The parties have fourteen days from service of this Memorandum and Order and accompanying Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 22, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge