United States District Court
Southern District of Texas

**ENTERED**
April 21, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Bryce Brown, | § § § § | |
| *Plaintiff,* | § § | Civil Action No. 4:24-cv-05036 |
| v. | § § | |
| Chandresh Patel, et al., | § § § | |
| *Defendants.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

The Court reopens this case—which had been stayed and administratively closed pending arbitration, *see* Dkt. 22 (May 21, 2025 order adopting Dkt. 21)—to resolve a motion filed by Defendants Chandresh Patel, G&A Outsourcing III, LLC, and OnPoint Lab, LLC to confirm a February 26, 2026 arbitration award that granted their summary judgment motion and dismissed Plaintiff Bryce Brown's claims.  Dkt. 27; Dkt. 27-1 (arbitration order).  Although Defendants' motion is styled as opposed, it is hereby deemed unopposed because Brown failed to file a response.  S.D. Tex. L.R. 7.4.  After carefully considering the motion, the record, and the applicable law, it is recommended that Defendants' motion to confirm the award be granted and that final judgment be entered dismissing Brown's claims with prejudice.

## Background

Last year, this Court granted Defendants' motion to compel Brown to arbitrate his employment discrimination and retaliation claims. *See* Dkt. 21 (April 22, 2025 combined Memorandum & Order and Recommendation); Dkt. 22 (May 21, 2025 Order of adoption). That decision mooted Brown's motion for summary judgment on his claims. *See* Dkt. 22 at 2. With those conclusions, this Court stayed and administratively closed the case. *See id.*

Brown complied with the Court's decision by filing his claims with the American Arbitration Association. *See* Dkt. 24 (September 29, 2025 notice). On February 26, 2026, the arbitrator issued an order granting Defendants' motion for summary judgment "in full" and dismissing Brown's claims with prejudice. Dkt. 25-1.

On March 16, 2026, Defendants filed their motion to confirm the award. Dkt. 27. Brown did not respond. The motion is ripe for resolution.

## Legal standard

The Federal Arbitration Act ("FAA") "empowers courts to confirm or enforce arbitration awards ...." *Guardian Flight, L.L.C. v. Health Care Serv. Corp.*, 140 F.4th 271, 276 (5th Cir. 2025). Specifically, the FAA states: "at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated,

modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9.

**<u>Analysis</u>**

Defendants ask this Court to confirm the arbitrator's award under 9 U.S.C. § 9 and dismiss Brown's claims. They are entitled to the requested relief.

First, Defendants timely filed their request to confirm the award. The FAA provides a one-year deadline for seeking confirmation, which runs from the date of the arbitration award. 9 U.S.C. § 9. Defendants filed their motion well within the allotted timeframe, less than 30 days after the arbitrator's award. *Compare* Dkt. 27 (March 16, 2026 motion), *with* Dkt. 27-1 (February 26, 2026 award).

Second, Brown has not identified any basis for vacating or modifying the arbitrator's award. He has abandoned any such contention by failing to file a timely response. Regardless, an arbitration award is subject to vacatur "only in very unusual circumstances." *See Oxford Health Plans L.L.C. v. Sutter*, 569 U.S. 564, 568 (2013) (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 942 (1995)). As the Fifth Circuit has emphasized, "judicial review of an arbitration award is extraordinarily narrow, and [the court's] review is exceedingly deferential to the arbitration panel's decision ...." *U.S. Trinity Energy Servs., L.L.C. v. Se. Directional Drilling, L.L.C.*, 135 F.4th 303, 307 (5th

3

Cir. 2025) (citation and quotations omitted).  The record reflects no basis to override the arbitrator's decision.  Accordingly, this Court should confirm the arbitrator's take-nothing award.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendants Chandresh Patel's, G&A Outsourcing III, LLC's, and OnPoint Lab, LLC's motion to confirm the arbitrator's award (Dkt. 27) be **GRANTED**, and that a separate final judgment be entered directing that Brown's claims be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 21, 2026, at Houston, Texas.

*Yvonne Y. Ho*

Yvonne Y. Ho
United States Magistrate Judge