United States District Court
Southern District of Texas

**ENTERED**

May 14, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| BRYCE BROWN,<br>　　　　Plaintiff, | §<br>§<br>§<br>§ | CIVIL ACTION NUMBER<br>4:24-cv-05036 |
| versus | §<br>§<br>§ | JUDGE CHARLES ESKRIDGE |
| CHANDRESH PATEL and<br>G&A OUTSOURCING III<br>LLC,<br>　　　　Defendants. | §<br>§<br>§<br>§ | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION**

Plaintiff Bryce Brown proceeds here *pro se*. He filed this lawsuit, asserting claims pursuant to 8 USC §1981 and Title VII of the Civil Rights Act of 1964, for racial and sex discrimination related to his employment with Defendants Chandresh Patel and G&A Outsourcing III LLC. See Dkt 4 (amended complaint). The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 5.

Last year, Defendants moved to compel arbitration and stay this action. Dkt 11. The motion to compel arbitration was granted, and this action was stayed and administratively closed for the pendency of those proceedings. Dkts 21 (memorandum and recommendation) & 22 (order adopting M&R).

On February 26, 2026, the arbitrator issued an order granting the motion by Defendants for summary judgment and dismissing Plaintiff's claims with prejudice. Dkt 27-1 (arbitration order).

Pending is a motion by Defendants to confirm the arbitrator's award and to dismiss Plaintiff's claims in this action with prejudice. Dkt 27.

Judge Ho issued a Memorandum and Recommendation recommending that the motion be granted because (i) Plaintiff failed to respond to the motion, rendering it unopposed under Local Rule 7.4, and (ii) the record contains no grounds to vacate or modify the arbitrator's award. Dkt 28.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

None of the parties filed objections. No clear error otherwise appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 28.

The motion by Defendants Chandresh Patel and G&A Outsourcing III LLC to confirm the arbitrator's award and to dismiss this action with prejudice is GRANTED. Dkt 27.

This action is DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on ___May 14, 2026___, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge