**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **BRYCE BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-05036** |
| | § | |
| **CHANDRESH PATEL, ET AL.** | § | |
| | § | |
| **Defendant**, | § | |
| | § | |
| **G&A OUTSOURCING III LLC., DBA** | § | |
| **ONPOINT LAB, ET AL**. | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | | |

### DEFENDANTS' OPPOSED MOTION FOR ATTORNEYS' FEES

Defendants G&A Outsourcing III, LLC (G&A), OnPoint Lab, L.L.C., (OnPoint), and Chandresh Patel (Patel) (collectively Defendants)[1], respectfully file this Opposed Motion for Attorneys' Fees. On May 14, 2026, the Court dismissed this lawsuit with prejudice after granting Defendants' Opposed Motion to Confirm the Arbitrator's Award and Dismiss Plaintiff's Claims with Prejudice because the Arbitrator granted Defendants' Motion for Summary Judgment, entering Final Judgment on the same day. *See* Docs. 27-32. Documentation of the attorneys' fees incurred by Defendants in this matter since December 20, 2024, is included with the Affidavit of Daniel Coolidge in Support of Defendants' Motion for Attorneys' Fees, attached hereto as **Exhibit A.**

---

[1] Plaintiff erroneously named the legal entities in this case as "G&A Outsourcing III LLC., DBA OnPoint Lab, et al." Plaintiff refers to two separate entities: (i) G&A Outsourcing III, LLC, and (ii) OnPoint Lab, L.L.C. The undersigned counsel represent both legal entities, along with individual defendant Chandresh Patel.

1

# I.
# BACKGROUND

Plaintiff filed this lawsuit against Defendants on December 20, 2024, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). *See* Doc. 1. Defendants filed a Motion to Compel Arbitration on February 25, 2025. *See* Doc. 11. On May 21, 2025, the Court granted Defendants' Motion to Compel Arbitration. *See* Doc. 22. The lawsuit then proceeded to Arbitration until the Arbitrator granted Defendants' Motion for Summary Judgment in full and dismissed all of Plaintiff's claims with prejudice on February 26, 2026. *See* Doc. 27.

Defendants sought relief from the Arbitrator on several issues due to the meritless nature of Plaintiff's lawsuit and Plaintiff's failure to cooperate during the discovery process. First, multiple times during the course of this lawsuit did Plaintiff file pleadings drafted using artificial intelligence with hallucinated case citations in violation of the Southern District of Texas's General Order 2025-04. *See* General Order 2025-04, *In Re: Use of Generative Artificial Intelligence in Court Filings*, entered May 7, 2025. Attached as **Exhibit B** are the pleadings Plaintiff filed in this lawsuit containing case hallucinations, including Plaintiff's Response to Defendants' Motion to Compel Arbitration (*see* Doc. 14), Plaintiff's premature March 25, 2025 Motion for Summary Judgment (*see* Doc. 16), and Plaintiff's January 29, 2026 Response to Defendants' Motion to Compel Discovery. In particular, while Defendants' Motion to Compel Arbitration was pending before this Court, Plaintiff filed a frivolous and premature Motion for Summary Judgment (*see* Doc. 16), which required Defendants to research, prepare, and file a response thereto (*see* Doc. 20). The Court denied Plaintiff's frivolous and premature Motion for Summary Judgment as moot upon granting Defendants' Motion to Compel Arbitration on May 21, 2025. *See* Doc. 22; *see also*

**Exhibit B**. Defendants incurred a total of **$6,494.00** for the drafting of responses and/or replies to Plaintiff's AI-drafted pleadings with hallucinated case citations. *See* Exhibit A ¶ 6; A-1.

Second, Defendants filed before the Arbitrator a Motion for Judgment on the Pleadings under Rule 12(c), seeking dismissal of Title VII claims against Defendant Patel (who Plaintiff sued as an individual). The Arbitrator granted the motion on December 9, 2025. Attached as **Exhibit C** are the Motion for Judgment on the Pleadings and the Arbitrator's signed order. Defendants incurred a total of **$522.50** for the drafting of the Motion for Judgment on the Pleadings. *See* Exhibit A ¶ 7; Exhibit A-1.

Third, Plaintiff was informed multiple times during the course of this lawsuit that Defendant G&A was not his employer – Defendant OnPoint Lab was. Plaintiff's refusal to drop Defendant G&A from his lawsuit forced Defendants to research, prepare, and file summary judgment briefing to request Defendant G&A's dismissal from the lawsuit, which the Arbitrator granted. Attached as **Exhibit D** is Defendants' January 30, 2026 Motion for Summary Judgment and the Arbitrator's February 26, 2026 Order Granting the Motion for Summary Judgment and dismissing Plaintiff's claims with prejudice. Defendants incurred a total of **$1,245.00** for the drafting of summary judgment briefing to request dismissal of Defendant G&A from this lawsuit. *See* Exhibit A ¶ 8; Exhibit A-1.

Fourth, Plaintiff's refusal to provide Defendants with sufficient responses to written discovery forced Defendants to file a Motion to Compel Discovery before the Arbitrator. Defendants served their First Set of Interrogatories ("Interrogatories") and First Set of Requests for Production of Documents ("Requests for Production") on October 15, 2025. Plaintiff served wholly inadequate responses on November 14, 2025, largely asserting entirely meritless objections. On November 25, 2025, Defendants sent Plaintiff a meet and confer letter outlining

the deficiencies in Plaintiff's initial responses. While Plaintiff supplemented his responses on December 10, 2025, he continued to refuse to substantively respond to many of the requests. Defendants filed a Motion to Compel Discovery with the Arbitrator on January 15, 2025, and a Reply in Support on February 5, 2026. The Arbitrator, however, granted Defendants' Motion for Summary Judgment on February 26, 2026, before issuing any ruling on the Motion to Compel Discovery. Attached as **Exhibit E** is Defendants' Deficiency Letter to Plaintiff and Defendants' Motion to Compel Discovery. Defendants' Reply in Support of the Motion to Compel is contained in **Exhibit B.** Defendants incurred a total of **$2,931.50** for the drafting of the deficiency letter and Motion to Compel Discovery *See* Exhibit A ¶ 9; Exhibit A-1.

On May 14, 2026, the Court dismissed the lawsuit after granting Defendants' Opposed Motion to Confirm the Arbitrator's Award and Dismiss Plaintiff's Claims with Prejudice because the Arbitrator granted Defendants' Motion for Summary Judgment on February 26, 2026. *See* Docs. 27-32. Documentation of the attorneys' fees incurred by Defendant in this matter is attached to the Affidavit of Daniel Coolidge in Support of Motion for Attorneys' Fees, attached hereto as **Exhibit A**.

## II.
## ARGUMENT AND AUTHORITIES

Because the court issued Final Judgment in this case and dismissed all of Plaintiff's claims against Defendants with prejudice, Defendants respectfully request the Court award Defendants' attorneys' fees under Title VII as the prevailing parties. Defendants incurred a total of **$119,246** in attorneys' fees in defense of this lawsuit, but Defendants only seek recovery of **$11,193** in attorneys' fees, representing a limited portion of the attorneys' fees that would not have been incurred by Defendants but-for the Plaintiff's frivolous conduct.

Under Title VII, a prevailing defendant should be awarded attorneys' fees if "a court finds that [plaintiff's] claim was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." 42 U.S.C. § 2000e-5(K); *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). In analyzing whether a prevailing defendant is entitled to attorney's fees, "a district court must ask whether 'the case is so lacking is arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1140-41 (1983). The standard in *Christiansburg Garment* is also met when a party fails to produce any evidence in support of material issues necessary to withstand summary judgment. *Twilley v. Integris Baptist Medical Center, Inc.*, 16 F. App'x 923, 926 (10th Cir. 2001). Plaintiff's claims against Defendants satisfy this standard.

**A. Defendants Move to Recover a Limited Portion of its Attorneys' Fees.**

Defendants incurred a total of **$119,246** in attorneys' fees in defending against this lawsuit, but Defendants seek only **$11,193** in attorneys' fees, representing a limited portion of the attorneys' fees incurred by Defendants that would not have been incurred but-for the Plaintiff's frivolous conduct.

In determining frivolousness to support a defendant's award of attorneys' fees under Title VII, a court uses factors such as "whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court held a full trial" as "guideposts" to assess frivolous on a case-by-case basis. *See Provensal v. Gaspard*, 524 F. App'x 974, 976 (5th Cir. 2013) (citing *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000)). Two of the *Myers* factors are met in this case – including that Defendants offered to settle with Plaintiff and that Plaintiff failed to make a prima facie case as to several of his claims. *See* Ex. A ¶ 5; **Exhibit D** (Arbitrator's February 26, 2026 Order Dismissing Case); *see also Myers* at 292; *Provensal* at 976. First, Defendants offered to settle with Plaintiff, but Plaintiff unilaterally ceased settlement negotiations

after Defendants' opening offer. *See* Ex. A, ¶ 5. Second, the Arbitrator then granted Defendants' Motion for Summary Judgment in full – in which Defendants contested that Plaintiff failed to make a prima facie case as to his race and sex discrimination claims and any claim he brought against Defendant G&A – and dismissed all of Plaintiff's claims against Defendants with prejudice. *See* **Exhibit D.** Because two of the *Myers* factors are met in this case, Defendants respectfully request that the Court award the total of **$11,193** in attorneys' fees to Defendants as the prevailing parties.

Even if none of the *Myers* factors applied to this case, Defendants additionally move for recovery of $11,193 in attorneys' fees because the fees would not have been incurred but-for Plaintiff's frivolous conduct.

First, Plaintiff filed multiple pleadings using artificial intelligence that included hallucinated case citations that do not exist, in violation of Rule 11 and the Southern District of Texas's General Order 2025-04. Plaintiff did this *three* separate times, including in Plaintiff's Response to Defendants' Motion to Compel Arbitration (*see* Doc. 14), Plaintiff's premature March 25, 2025 Motion for Summary Judgment (*see* Doc. 16), and Plaintiff's January 29, 2026 Response to Defendants' Motion to Compel Discovery. *See* **Exhibit B**. The Southern District of Texas and the Fifth Circuit have previously held that such conduct is sanctionable under Rule 11. *See* General Order 2025-04, *In Re: Use of Generative Artificial Intelligence in Court Filings*, May 7, 2025; *see also Elizondo v. City of Loredo*, No. 5:25-cv-50, 2025 WL 2071072, at \*\*2-3 (S.D. Tex. Jul. 23, 2025) (finding brief containing fabricated or materially inaccurate case citations caused by the use of generative AI constitutes a Rule 11 violation); *see also Fletcher v. Experian Info. Sols., Inc.*, 168 F.4th 231, 239-40 (5th Cir. 2026) (filing a brief drafted with artificial-intelligence-generated hallucinated case citations is sanctionable conduct). Defendants were required to spend time and

effort in replying to Plaintiff's frivolous pleadings that included hallucinated case citations, in which Defendants specifically flagged for the court and/or arbitrator that Plaintiff was engaging in this sanctionable conduct. *See* Docs. 15, 20; **Exhibit B**. In particular, Plaintiff's March 25, 2025 Motion for Summary Judgment was both frivolous and premature because Plaintiff filed it while Defendants' Motion to Compel Arbitration was pending and before any scheduling order was entered or any discovery was conducted by the parties. *See* **Exhibit B**. Defendants were forced to respond to Plaintiff's premature Motion for Summary Judgment, which the court denied as moot when it granted the Motion to Compel Arbitration. *See* Doc. 22.

Second, any inspection of the legal authority on individual liability under Title VII would have revealed that Defendant Patel cannot be held liable under Title VII for discrimination or retaliation when Plaintiff brought the same claims against his former employer – OnPoint Lab. *See*, *e.g.*, *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) ("a party may not maintain a suit against an employer and its agent under Title VII"). Plaintiff's antics forced Defendants to research, prepare, and file a Motion for Judgment on the Pleadings under Rule 12(c), requesting the Arbitrator to dismiss all Title VII claims against Patel as an individual, which was granted by the Arbitrator. *See* **Exhibit C.**

Third, Plaintiff's refusal to acknowledge that Defendant G&A was *not* his employer for Title VII liability purposes and that he did not sign a "contract" with Defendant G&A for purposes of Section 1981 liability forced Defendants to research, prepare, and file summary judgment briefing requesting the Arbitrator to dismiss Defendant G&A from the lawsuit. *See* **Exhibit D**. Because Title VII claims can *only* be brought against an "employer" (*see*, *e.g.*, *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994)), and because Section 1981 claims can only be brought against an entity with which Plaintiff had a "contractual relationship" (*see Perry v. VHS San*

*Antonio Partners, L.L.C.*, 990 F.3d 918, 929 (5th Cir. 2021)), Plaintiff's claims against Defendant G&A were frivolous and rightfully dismissed.

Fifth, Plaintiff's failure to fully cooperate during discovery forced Defendants to file a Motion to Compel Discovery. *See* **Exhibit E**. While the Arbitrator granted Defendants' Motion for Summary Judgment before issuing a ruling on the Motion to Compel Discovery, Defendants were forced to research, prepare, and file the Motion to Compel Discovery to prepare for a potential Arbitration Hearing should any portion of the Motion for Summary Judgment had been denied by the Arbitrator. Plaintiff's failure to cooperate during the discovery process required Defendants to exert time and effort in seeking the Arbitrator's assistance to compel him to respond to basic discovery requests, such as requests related to Plaintiff's post-termination income, attempts to seek post-termination employment, and mental health records, all of which are properly and routinely discoverable on the issue as to damages. *See Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *17 (E.D. Tex. July 8, 2020) ("Tax return information is relevant when a plaintiff has placed the subject of his employment and income at issue in litigation."); *Meadows v. Texar Fed. Credit Union*, No. 5:05CV158, 2006 WL 8440922, at *3 (E.D. Tex. Sept. 27, 2006) (plaintiff has a duty to mitigate damages to seek substantially equivalent employment); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 583 and 589 (N.D. Tex. 2016) (ordering plaintiff to answer substantively identical discovery requests due to relevance to duty to mitigate, and ordering plaintiff to provide employment and tax authorizations if they will not/cannot produce the records and ordering plaintiff to provide signed medical and psychotherapy record authorizations).

Defendants therefore request an award of **$11,193** in attorneys' fees as the prevailing parties..

8

**III.**
**ATTORNEYS' FEES INCURRED BY DEFENDANTS**

Defendants billed a total of **$119,246** in defending against this lawsuit, Defendants respectfully request the Court award **$11,193** in attorneys' fees that would not have been incurred but-for the Plaintiff's frivolous conduct. *See* Exhibit A-1.

Defendants were billed heavily discounted hourly rates in this lawsuit. Ex. A ¶ 4. Mr. Coolidge's hourly rate was reduced from $610 per hour to $285 per hour, and Mr. Jodon's hourly rate was reduced from $1,055 per hour to $350 per hour. Ex. A ¶ 4. Of this limited portion incurred by Defendants of its total attorneys' fees billed, Defendants incurred the following fees for each attorney participating in Defendants' defense:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| G. Mark Jodon | 7.5 | $350 | $2,625.00 |
| Daniel Coolidge | 23.8 | $285 | $6,783.00 |
| Gil Rochbert | 3.5 | $255 | $892.50 |
| Kenneth Heisele | 3.5 | $255 | $892.50 |
| | | Total: | $11,193.00 |

The attorneys' fees were incurred to accomplish the following work in defense of the lawsuit:

- Researching, drafting, and preparing replies to Plaintiff's frivolous, AI-drafted filings that contain non-existent case citation hallucinations;

- Researching, drafting, and preparing a Motion for Judgment on the Pleadings that was granted;

- Researching, drafting, and preparing summary judgment briefing requesting dismissal

of Defendant G&A from this lawsuit;

- Preparing written discovery, including sending letters to Plaintiff's counsel when Plaintiff failed to respond to the written discovery;

- Researching, drafting, and preparing a Motion to Compel Discovery.

Exhibit A ¶¶ 6-14. The attorney time spent was reasonable given that Plaintiff asserted multiple causes of action against three different Defendants and that Defendants were forced to respond to Plaintiff's frivolous filings in asserting its defense to Plaintiff's claims. The hourly rates charged by defense counsel were reasonable in light of rates charged by other attorneys in the community who have comparable experience and ability, particularly given that the rates were heavily discounted for Defendants. Exhibit A ¶ 4.

## IV.
## PRAYER

WHEREFORE, Defendants G&A Outsourcing III, LLC, OnPoint Lab, L.L.C., and Chandresh Patel pray that the Court grant its Motion for Attorneys' Fees in its entirety and award Defendants **$11,193** in attorneys' fees that would not have been incurred but-for the Plaintiff's frivolous conduct.

Dated: May 28, 2026

Of Counsel:

Daniel Coolidge
Texas Bar No. 24113693
Federal I.D. No. 3665857
dcoolidge@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

Respectfully submitted,

*/s/ G. Mark Jodon*

G. Mark Jodon (*Attorney-in-Charge*)
Texas Bar No. 10669400
Federal I.D. No. 6052
mjodon@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
Telephone:  713.951.9400
Facsimile:  713.951.9212

**ATTORNEYS FOR DEFENDANTS
G&A OUTSOURCING III, LLC,
ONPOINT LAB, L.L.C., AND
CHANDRESH PATEL**


## CERTIFICATE OF CONFERENCE

I hereby certify that on May 28, 2026, counsel for Defendants contacted Plaintiff by email and telephone regarding the contents of this Motion. Plaintiff did not respond to either the email or the phone calls. Defendants therefore assume that Plaintiff is opposed to the relief sought herein.

/s/ *Daniel Coolidge*
Mark Jodon
Daniel Coolidge


## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2026, a true and correct copy of the foregoing was electronically filed and served on all counsel of record by the Court's ECF system and via email, including:

Bryce Brown
935 N. Wilcrest Dr.
Apt. 1018
Houston, TX 77079
Brycebrown19@gmail.com
(281) 763-8151

/s/ *Daniel Coolidge*
Mark Jodon
Daniel Coolidge

11